THE PENSACOLA AND ATLANTIC RAILROAD COMPANY, AP-PELLANT, VS. WAYNE K. ATKINSON, APPELLEE.

1. Declaration alleging that defendant employed plaintiff as civil engineer to take charge of construction of a road and authorized to employ and hire teams and transportation in the course of such employment at defendant's expense, and plaintiff employed and paid for teams, &c., in the performance of his duties, is not demurrable. Such contract entitles him to be reimbursed for reasonable outlay for means of transportation.

2. Letters written by the Chief Engineer of a railroad company, not being of the *res gestæ*, are not admissible in evidence in favor of the company.

3. Testimony as to what expenses were necessary to be incurred by an engineer upon one section of a road in its construction, is not competent to show what outlay was proper upon another section, there being no evidence that the conditions were the same in both sections.

4. The statute requires that a Judge shall give or refuse to give to the jury such instructions as may be proposed by counsel, *as proposed*. An alteration of such instructions by the Judge, who then gives them to the jury as amended, is a refusal to give them as proposed and is error, if the instruction in either form is material, and the jury may be misled to the injury of the party excepting. If the instruction is not pertinent to the evidence there can be no error in refusing it.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*J. F. McClellan* for Appellant.

1st Error. The court should have sustained the demurrer of defendant to the first and second counts of plaintiff's declaration. They are neither special or general indebitatus counts. The first count states that defendant employed plaintiff as an engineer on a part of defendant's line of road and authorized him to hire teams, hacks, &c., for his trans-

portation, and that he did hire them. These facts would have given the parties from whom the teams were hired here a right of action against defendant, but no right of action by plaintiff against defendant.

2d Count. The second count alleges that defendant was indebted to plaintiff for the use and benefit of defendant at defendant's request for hire of horses, buggies and for transportation of plaintiff while in the employment of defendant as civil engineer. Does this give him the right of action? I think not.

2d Error. The court struck out a plea of defendant on the ground that it was not sworn to by defendant or their agent or attorney. The defendant is a corporation and the plea was sworn to by C. A. Davies, who styles himself principal engineer of defendant.

The 15th rule says pleas shall be sworn to by the defendant, his agent or attorney.

I submit that a principal engineer of a railroad corporation is its agent. All its officers are agents.

The third and fourth errors should be sustained. This suit is brought by plaintiff against defendant to recover $134.50 money the plaintiff paid as civil engineer of the line of road of defendant for transportation by hacks, buggies, horses and for himself and men for the months of November and December, 1881, and for January, February, March and April, 1882. The plaintiff in his evidence testifies that his transportation on his residency for that period was $173.50, and that defendant paid of this bill $40, leaving $134.50 due him. He gives his evidence that he was employed for defendant by A. W. Gloster, defendant's chief engineer. That he was to have $100 per month and all the transportation he wanted. And again he says: " I paid that bill in full. It was contracted by me for me and my assistants, and was necessary." Again he says, when

being interrogated as to Captain Gloster's letter to him, says "yes, I received that letter, but A. W. Gloster after that told me that he was all the time in favor of paying my bill, the bill in suit here." The plaintiff's counsel objected to the reading of the letters of A. W. Gloster, the chief engineer of defendant, written June 6th and July 31st, 1882, to the jury. They were addressed to plaintiff and were upon the subject matter of this suit. Therefore they were relevant. They were verbal facts. They bore upon the main point as to whether the bill of plaintiff was reasonable. A case very much in point is that of Beaver vs. Taylor, 1 Wall., 637; 16 How., U. S., 14.

5th Error. The witness, Mathews, was a civil engineer on the 25 miles of the Pensacola and Atlantic Railroad west of that of plaintiff.

The question asked Mathews was proper, as it is the answer would have had a tendency to prove whether plaintiff's bill was reasonable or not.

6th Error assigned. The court should have granted a new trial upon the sworn errors above assigned and argued. The verdict is not supported by the evidence and is excessive. The verdict of the jury is rendered for $133.50 principal, and interest $3.41, equal to $136.91. Now the bill of particulars filed in the case is for livery bill that plaintiff contracted with J. H. Callaway & Co. for November, 1881, is $12.50; for November, 1881, with H. D. King & Co., $10; December, 1881, $42.50; January, 1882, $9.50; February, $38.75; March, $43.75; April, $16.50; aggregate, $173.50. Credited November 27th with payment of Callaway & Co's. bill, $12.50, and January to H. D. King & Co., $27.50, aggregating $40, and leaving a balance of $133.75. Plaintiff says he paid this bill, defendant refusing to pay it. He says the bill was for transportation for himself and persons under him as a civil engineer on road of defendant.

The defendant pleads a set off of $67.95, and I think plaintiff's evidence sustains it and more. Upon the subject of the payments and receipts by plaintiff to defendant the evidence is somewhat conflicting. The plaintiff on his evidence in chief says $40 had been paid on the bill. Then he says railroad paid me and I paid livery bill. In November I paid $12.50, December $27.50, bill was $50.50, left $22.50. On his cross examination he admits he receipted to defendant for $4 for November, $23.50 for December, $26 for January, $8 February, $4.50, aggregating $66.50 paid instead of $40, and leaving a balance on bill of $107.50 instead of $133.50, a difference of $26. He then attempts to explain that the $26 paid in December is not in his bill, and that the voucher for $8 he did not understand to be for transportation but for stationery or something of that kind. The vouchers for $4 and for $4.50 are credited by him in the credit of $27.50 of his bill.

This is not a satisfactory explanation. In his bill he sues for a balance for December of $42.50, and admits he was paid $27.50, says whole bill was $50.50 for December. If he sues for $42.50 and was paid besides $27.50, the two items make $70. He is notified January 10, 1882, by Gloster that in the future he " must get along without so expensive a livery bill." Yet he sues for a balance of $9.50 for January, for February $38.75, March $43.75, April $16.50. All this transportation was not reasonable and necessary. He puts it upon the ground of the bad condition of his part of the road to which he was assigned and owing to his predecessor being sick. He went on the line of road in November, and his bill for transportation was only $50.50 for December he says. He should by January 1st have brought up the work, and doubtless did, as his bill for January was only $17.50. In February he runs up to

$38.75, March to $43.75. On 5th of April he is again told his bills are unreasonable and it is put at $16.50.

The verdict is excessive and unsupported by the evidence and should be set aside.

*Liddon & Carter* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

Atkinson sued appellant for money paid out at its request and to its use and recovered a judgment from which an appeal is taken.

The first count alleges that in November, 1881, plaintiff was employed by defendant as a civil engineer, to take the charge and supervision of its road, then being constructed, and was authorized and instructed to employ and hire teams and vehicles for his transportation while engaged in such employment at defendant's expense, and defendant promised to pay the same each month, and that under such agreement plaintiff hired teams and vehicles for his transportation in the performance of his duties as engineer to the amount of $173.50, which plaintiff paid, and defendant paid forty dollars thereof, leaving unpaid $134.60, which remains due him.

The second count alleges that defendant is indebted to plaintiff in the sum of $134.60 for money used and expended by him for the use and benefit of defendant and at defendant's request, for the hire of teams and transportation while engaged in the employment of defendant as a civil engineer supervising the construction of its railroad.

Defendant demurred to these counts, that they do not show a cause of action in favor of plaintiff; that the first count states facts which give a cause of action to the parties letting teams, &c., but not to plaintiff. The court overruled the demurrer and this ruling is assigned as error.

We consider the contract as stated in the first count sufficient to enable plaintiff to recover for money paid by him for means of transportation in the course of his duties, even though the owners of teams, &c., may have had a right of recovery against the company for the transportation furnished to him, if he had not paid it. The contract was made with him to pay for his transportation and any reasonable amount he paid out therefor comes within the terms of the agreement, to be paid by the company. By the same rule the second count is good and the ruling of the court was correct.

The defendant then pleaded the general issue to all the counts and a further plea admitting that it did employ plaintiff as a local engineer as alleged, to discharge his duties under the direction of the chief engineer, and that plaintiff was only authorized to contract for and use such transportation as the chief engineer deemed necessary and would allow, and avers that defendant has fully paid for all the transportation allowed plaintiff by the chief engineer, amounting to $67.95.

Plaintiff took issue upon the pleas and the cause was tried by a jury. The plaintiff proved the agreement stated, and that the amount paid by him for such means of transportation was $173.50, of which he had been paid $40. The president of the company sent him to Gloster, its chief engineer, for employment as an engineer, who employed him at $100 per month, and all the transportation he wanted in the performance of his duties.

The defendant offered in evidence three letters written to plaintiff by A. W. Gloster, chief engineer of defendant, in regard to the charges for transportation, and the agreement in relation to such charges. These letters were dated respectively January 10, June 6, and July 31, 1882, after the date of the last item of plaintiff's account. The letter of

January 10, 1882, was read, in which Gloster writes plaintiff, " you must try and get along without so expensive a livery bill in the future."

The letter of June 6, is of similar import, and says to plaintiff " you received pay on your vouchers for all that you could expect to get pay for." This letter was read to the jury. The letter of July 31 was excluded under objection. Such letter cannot be deemed legal evidence. The engineer was a competent witness and his letters in favor of the company, not being of the *res gestœ* are mere declarations of a party in his own favor. The exception to this ruling was not well taken.

Defendant excepted to the refusal of the court to permit Mathews, an engineer, to testify as to the amount of his livery bill for transportation on another portion of the road under his charge. Mathews had testified that he knew nothing of the condition of plaintiff's' part of the road. The testimony offered was properly excluded.

Defendant's counsel asked the court to charge, among other things, as follows: " If you believe, from the evidence, that Gloster had no authority. to make the contract claimed, he made as the agent of defendant, and that the defendant repudiated such contract, then you will find for defendant." The court gave the instruction after inserting the words " because of such want of authority," following the word " contract" last written, and defendant excepted to this qualification.

The statute requires that the court shall declare in writing to the jury his ruling upon instructions proposed by counsel, " as presented and pronounce the same to the jury as given or refused." The action of the court was equivalent to refusing the instruction as presented. This would have been error if the alteration had essentially changed the force of the instruction asked for, and if the instruction

had been pertinent. There was no testimony in the case tending to show that defendant had repudiated the contract made by Gloster, the chief engineer, with plaintiff. On the contrary, the company had paid plaintiff his salary and part of his expenses of transportation according to the contract, and had repudiated a part by refusing to pay it after the expense had been incurred. There was no repudiation of *the contract* by the defendant or by its engineer, and no attempt to do so.

The last point in the assignment of errors is the refusal to grant a new trial. It is claimed that the damages were excessive, because it was shown that the plaintiff had been paid some $26 more than was allowed by the jury. The evidence, however, shows that the items so paid are not included in the plaintiff's claim against defendant, and this payment was not applicable to the claim sued for, but was a payment by the company to Calhoun, a livery keeper. This is our understanding of the testimony as given to the jury. We fail to discover any error in the finding of the jury, vitiating the verdict.

The judgment is affirmed.