Dickson v. Gamble—Syllabus.

16 687
34 137
16 687
36 338

M. N. DICKSON, APPELLANT, VS. L. M. GAMBLE, APPELLEE.

1. A note whereby the maker promises to pay a sum of money "for value received on account of taxes on the property of the estate of L. and others for the year 1872," does not give a right of action to the payee, as the law does not recognize this mode of collecting taxes, and there is no allegation in the declaration that payee had paid the taxes for or at the request of the maker.

2. A tax-collector cannot enforce a note given him for taxes which it is his duty to collect, particularly as it is not alleged that he paid or discharged the taxes mentioned at the request of the maker.

3. Whether the publication of the list of lands advertised to be sold for

unpaid taxes by a collector creates the relation of debtor and creditor as between the collector and the publisher, *quere?*

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion of the court.

*J. F. McClellan* for Appellant.

THE CHIEF-JUSTICE delivered the opinion of the court.

This suit is brought to recover a balance due on a note, of which the following is a copy:

"$503.95.          MARIANNA, FLA., April 8, 1873.

On or after the 8th day of April, A. D. 1873, we, or either of us, promise to pay to the order of L. M. Gamble the sum of five hundred and three 95-100 dollars, for value received, on account of taxes for M. N. Dixon, ex'r estate of F. H. G. Long and other's property for the year 1872.

(Signed)                    FRANK BALTZELL,

                              M. N. DICKSON.

Credited by $369.84, paid March 6, 1874, to L. M. Gamble."

To the declaration the defendant pleaded payment, and further that the note was obtained from him by fraud in this, "that this defendant was indebted to plaintiff in the sum the note calls for for State and county taxes; that he reduced the amount to a currency basis and paid said amount to Frank Baltzell, the joint maker, at the request of the plaintiff, plaintiff and Baltzell then and there representing that the said plaintiff was then indebted to Baltzell in an amount more than sufficient to pay off and liquidate the note, and that when plaintiff and Baltzell settled, the note would be taken up and paid off by said indebtedness of plaintiff to Baltzell." Which said pleas were denied by plaintiff.

The defendant then filed another plea and says: "For an equitable defence to the cause of action sued upon," that at the date of the note he was the executor of the will of F. H. G. Long, deceased, and that he was owing for the taxes for 1872 upon that estate and the taxes of Nicholas Long, and of himself and others in Jackson county the sum of $503.95; that plaintiff was the collector of revenue for Jackson county; that he went to plaintiff to pay these taxes and ascertained what amount thereof was payable in United States currency, and State and county scrip being at a discount, they ascertained what amount of currency was necessary to purchase the amount of scrip required to pay the taxes payable therein, and found the whole amount of currency required to pay the whole was $369, or about that sum; that when in the act of paying this amount to plaintiff, Frank Baltzell requested the plaintiff to let him have the $369, Baltzell agreeing that plaintiff should withhold the amount from him out of any money due or to become due from plaintiff to Baltzell as publisher of a newspaper, on account of the publication of tax sales for plaintiff, to which plaintiff assented, provided that Baltzell would give plaintiff his note for the whole amount of said taxes with defendant as security, and defendant to be responsible therefor only in the event that Baltzell should die, or his office be burnt, or the publication of his paper be suspended before he had published the advertisement of tax sales, out of which publication of tax sales plaintiff was to be paid by Baltzell the amount of the taxes defendant was liable for and had agreed to pay, whereupon defendant paid over to Baltzell the $369, and thereupon the said note was given; that Baltzell did not die, his office was not burnt, nor was the publication suspended during the time of advertising the tax sales for the plaintiff, wherefore the defendant did not become liable to pay this note.

The plaintiff replying denied this plea, and the cause

having been tried, the jury returned a verdict for plaintiff for $168.43. A motion for a new trial was denied and judgment rendered, from which defendant appeals.

It was proved that plaintiff was the collector of revenue in 1873 as stated in the plea, and that the note was given for the amount of certain taxes.

If there is a good ground of action set out in the declaration, it is certain that this plea of an "equitable defence" is insufficient to resist a recovery. The ground of defence, according to this plea, seems to be that it was understood and agreed at the time the note was given that if Baltzell did not die, or his printing establishment was not burnt out, or if he did not suspend the publication of his newspaper before the publication therein of the "tax sales;" in that case the defendant was not to be held liable on his note.

This is not an "equitable defence," but is purely a legal defence, if a defence at all, for it is alleged to have been part of the same transaction. To have made this condition available as a legal defence, it should have been so expressed in the note or in some collateral writing, otherwise it cannot be proved without violating the rule that in a court of law the terms of a written contract cannot be varied by parol proof. A collateral agreement by which a simple contract debt may be *discharged* or *paid* in a particular mode, provided the condition is complied with, may be shown in satisfaction, and for this purpose parol evidence may be given of the cotemporaneous agreement. Chaddock vs. Van Ness, 35 New Jersey, 517; Greenleaf Ev., §302; 2 Sneed, 438.

In Dobson vs. Pearce, 2 Kernan, 156, it is said, referring to the provisions of the code, "under the head of equitable defences are included all matters which would before have authorized an application to the court of chancery for relief against legal liability, but which at law could not have been pleaded in bar." See also Wodehouse vs. Farebrother, 30 Eng. Law and Equity Rep., 412.

But this is a matter of legal and not merely equitable defence; it grows out of a distinct though contemporaneous contract which does not change the terms or meaning of the writing.

Neither does the "equitable" plea set up that Baltzell had done any advertising of tax sales for the plaintiff, or that any thing had become due to Baltzell for any such advertising which plaintiff could apply on the note. Whether the advertising of lands for sale for taxes by a publisher is done under a contract between the tax collector and the publisher, or between the State or county and the publisher, and whether the collector can control the compensation of the publisher with reference to such an agreement as is here alleged, so as to apply the compensation to the payment of the publisher's debt, is a question not necessarily raised at this time. The question is presented, however, whether the plaintiff shows by his declaration that he has a cause of action, and is entitled to recover against the defendant upon the note in question. The note is upon its face an agreement to pay the plaintiff a certain sum for taxes, or "for value received on account of taxes," upon the property of certain persons named.

It is difficult to conceive how defendant can owe any taxes to anybody other than the State, county, or a public corporation. The law does not authorize the individual collector of taxes to sue for them in his own name. The declaration does not allege that the plaintiff, at the request of the defendant, had paid or discharged the taxes, but the agreement sued on is to pay the plaintiff certain taxes. This is not a legal cause of action, and a judgment upon this instrument alone cannot be sustained. There must be other allegations and proofs than of a mere promise to pay taxes. It is shown by the pleas and by the testimony of the plaintiff that the plaintiff was the collector of revenue of Jackson county. We know of no law authorizing the collector to take

notes of individuals in satisfaction of taxes and to collect them by suit upon such notes.

If, however, he paid or discharged these taxes at the request of the defendant, that may explain the transaction and present a question that does not arise under the bill of particulars filed in this case.

The judgment must be reversed with costs, and the cause remanded with directions that the parties may amend their pleadings as they may be advised.