JOHN G. EVANS, APPELLANT, vs. DARWIN B. GIVENS ET UX., APPELLEES.

1. Where one has paid to another money on a contract and subsequently there is a rescission of the contract entitling the former to recover a part of the money so paid, he may do so upon a count for money had and received.

2. The addition of a qualification to an instruction asked, such qualification being framed to suit a state of facts shown by the testimony, is not error.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion.

*Hammond & Macfarlane* for Appellant.

*S. M. & G. B. Sparkman* for Appellees.

MR. JUSTICE RANEY delivered the opinion of the court:

Appellees, who are husband and wife, sued appellant for money had and received.

On the 28th of May, 1885, the appellant and Darwin B. Givens entered into an agreement by which it is witnessed that Evans " has this day sold his entire stock of merchandise with store fixtures " to Givens, " the consideration thereof to be the invoice price of the same taken from the invoice with five per cent. added for freight. Said invoice to be taken Monday, June 1st, 1885." Givens " to take possession of same when invoice is furnished and said purchaser to pay cash for same." Evans further agrees to lease his entire store building including up stairs and back kitchen, with lot, to Givens, for one year from June 1st, for the sum of $15 per month in advance. Givens agrees to allow Evans to occupy up stairs and kitchen for a residence for his family for sixty days from June 1st, 1885. Givens agrees to allow Evans to erect a dwelling house on the rear end of lot if he so desires. " It is further agreed that on the failure of either party to carry out this agreement, the party so failing to pay to the other party the sum of $25."

The money sued for was paid on the contract and it is not denied that it was the wife's. After making the payment, $200, Givens notified the appellant that he could not carry on the contract and asked for a return of the money.

They sued for this sum less both the forfeiture sum and other sums reducing their claim to about $158, and recovered judgment. A new trial was moved for on the ground that the court erred in not giving the charge asked for by defendant without a qualification added, and because the verdict was contrary to law, the evidence and the charge of the court. The motion was overruled.

The contract, so far as it is involved in this case, is one for the sale of personal property. It is, in itself, executory, (Benjamin on Sales, Vol. 1, §§309, 315, 325, 329, 336, 377; Carnes vs. Apperson, 2 Snead, 562; Love vs. Cook, 27 Ala., 624;) and the contrary is not contended. Whether it had been executed at the time the appellee, Givens, withdrew from it is a question upon which there is a conflict of testimony and the jury have settled it in the negative. It is not necessary to set out the evidence; there is sufficient testimony to sustain the finding.

The judge charged the jury as follows: " This is an action brought to recover back money alleged to have been paid to defendant under a contract that the plaintiffs claim was never consummated and under which a forfeit was agreed on between the parties to be paid in the event either party should back out. Plaintiff claims that he had a right to pay the forfeit and be released from the contract and the defendant claims that the contract was so far consummated that the plaintiff had no right to decline to finish the payments, and that he was bound under the law to do so. The The court charges you that if the contract was still an executory contract when the plaintiff backed out of it that he is released as to all liability except as to the forfeit, but if the contract was fully executed and nothing remained unfinished between the parties the plaintiff could not recover." There was no exception to this charge. The court having then been asked to give a special instruction charged the

jury as follows: " The court is requested to charge you
that if money is paid on a contract that is legal and prop-
erly made, and is of binding force and effect between the par-
ties, it cannot be recovered back in an action for money had
and received. The court gives you this charge as requested
with this qualification, that if you should find that this
contract was executory and not fully executed you should
find for the plaintiff, if the evidence justifies it." Taking
the latter and the former paragraph of the charge together
we think it clear that the meaning of the judge was that if
the contract was still executory at the time of Givens'
withdrawal there could be a recovery for the plaintiffs in
this form of action. The former paragraph assumes, with-
out objection or exception on the appellant's part, that
there had been, as there unquestionably was, a withdrawal
from the contract by Givens, and that the controlling, if
not the sole, controversy was whether the contract at that
time was executory and holds that if it was executory the
plaintiffs could recover what they had paid less the forfeit.
The instruction asked assumes that if money is paid on a
contract which is of binding force and effect it cannot be
recovered back upon a count for money had and received.
Of course it cannot, if the contract still remains in force at
the commencement of the suit, not having been rescinded
by mutual consent or by virtue of some provision of the
contract which permitted a withdrawal on terms consistent
with a right upon the part of the withdrawing party to
the money he had paid. Such we suppose was the mean-
ing of the party offering the instruction. Adding the
qualification made by the judge was not a denial of the
charge requested, but was merely stating the law, covering
the case at bar, to be that if the contract sued on was exe-
cutory at the time Givens withdrew there could be a re-
covery upon such a count. There had, as pointed out

above, been no exception taken to the construction placed upon the contract, or to the law of the case upon the contract and the other testimony as charged by the judge. This law as declared was accepted by appellant; and it was that if the contract had not been fully executed when Givens withdrew the plaintiffs could recover. Upon this charge there was in view of the evidence ground for recovery of the money as belonging to the plaintiffs, and the remedy chosen was clearly the right one. Wait's Actions and Defenses, Vol. 4, pp. 501, 469 to 474; Martin vs. Howell, 3 Brev., 547; Pharr & Beck vs. Bacheler, 3 Ala., 237; Towers vs. Barnett, 1 T. R., 133.

Looking at all the facts of the case, as disclosed by the testimony, we do not see that any actual injustice has been done to or injury suffered by appellant. There is testimony to the effect that he was willing to pay the money back in installments, and that he never delivered the goods, and clearly tending to show that he treated the contract as rescinded.

The judgment is affirmed.