MARK R. BACON, PLAINTIFF IN ERROR, VS. LOUEN N. GREEN, DEFENDANT IN ERROR.

1. If any pleading to which reply has been made is subsequently amended, the repliant may stand on his former pleading, if applicable to the amendment, or he may avail himself of the right to plead anew to the amended pleading. By pleading *de novo* to the amendment within the period fixed by statute, or such other time as the court may allow, the party waives or abandons all former pleading to the pleadings amended, except what he subsequently pleads.

2. The plea of non-assumsit is not applicable, under Circuit Court Rule 64, to the common counts for money had and received, and for an account stated.

3. Although a plea applicable to a common count in a declaration be improperly overruled on demurrer, yet if the declaration be

subsequently amended as to a special count, in no way affecting the common count, and the defendant in replying to the amendment, file a plea in substance the same as the one overruled, and has the benefit of it on the trial, the overruling of the first plea is immaterial.

4. In an action of assumpsit to recover back money paid under a contract alleged to have been violated by the parties thereto sued as defendants, and rescinded by the plaintiff, another party thereto, the form of action will not be affected in any way by the consideration, whether the contract be under seal or not as to all the parties executing it, as the suit is not on the contract, but in assumpsit to recover money received.

5. The word "seal" written in a scroll opposite the name of an obligor on an instrument indicates an intention on his part to make it a specialty; and if several persons sign an instrument concluding with "witness our hands and seals," and some place seals opposite their names, and others do not, such as do not affix seals will be presumed to have adopted the seals already on the instrument.

6. Equitable pleas at law, in order to be good, must present some matter of defense which would be good ground for relief in equity against the judgment at law should one be recovered.

7. A party can not, either at law or equity, contradict or vary his written contract by showing that notwithstanding he signed it, it was with the understanding that he was not to be bound by its terms.

8. Where the execution of a contract or obligation by a party is an admitted fact on the pleadings upon which a case is tried, the declaration alleging such fact, and no plea denying it, testimony tending to prove that the party was not in fact bound by the terms of such instrument is not admissible. In the absence of fraud, surprise or mistake a party executing a valid written contract is bound by its terms in controversies between him and other parties thereto.

9. Where there is no conflict in the evidence on a point, and relevant portions of it fully sustain the verdict, and is of such a character as to authorize no other finding in reference to such matter, a new trial should not be granted, although some irrelevant testimony on the point may have been admitted.

10. In an action of assumpit against two or more parties to recover money paid under a contract subsequently rescinded, it is.

Mark R. Bacon v. L. N. Green—Syllabus.

essential to show that the money was received under a joint contract, or that the parties jointly received the money; and in case of a joint obligation a recovery can be had against one obligor for money received by another on joint account.

11. Written communications of one joint obligor as to the non–compliance of the joint undertaking are admissible against another joint obligor, under the sole objection that they were not written by the obligor sought to be bound.

12. Defendant was asked what he knew about plaintiff extending time for the completion of the contract, or that there was an extension of time for its completion, and answered that he knew it by implication and from his brothers. On motion to exclude the portion of the evidence relating to information received from the brothers of witness, the court ruled that so much of the evidence based upon information received from the brothers of witness, to be ascertained by reference to the record, be stricken out. The only evidence of the witness in the record relating to information received from his brothers as to extending time for completion of the contract is that stated, and as it contains an implication that witness knew from his brothers that plaintiff had extended the time, there was no error in excluding it.

13. An agreement of counsel that depositions may be read in evidence on the trial of a cause, does not obviate the necessity of having such depositions as were read in evidence incorporated into the bill of exceptions; and depositions, though copied into the record, but not included in the bill of exceptions by recital or reference so as to be identified, can not be considered in the appellate court.

14. The court erroneously permitted evidence on behalf of defendant, that he was not to be bound by the terms of the contract admitted to be executed by him, and that the plaintiff accepted the contract with such understanding, and then charged the jury that in view of the evidence admitted the burden of proof rested upon defendant to show that plaintiff accepted the contract with the understanding as to the non-liability of the former: *Held*, That the testimony was improper, but as it was admitted in favor of defendant he could not complain of the charge of the court based thereon.

15. Pleas setting up affirmative defenses impose the burden of proof to maintain them on the defendant.

16. A contract providing for the making of a complete set of abstract books for a designated county, the books to be completed within one year from date of beginning work on them, means that within the time provided all the records of the county contemplated by the system to be abstracted, should be abstracted complete up to the time of the fulfillment of the contract.

17. Where the facts are not disputed, the question of what is a reasonable time in which to rescind a contract is a question for the court to decide, and it is not error for the court to instruct the jury, on the undisputed facts given in evidence, that a specified time is or is not reasonable.

18. When one party to an entire executory contract has failed to perform it on his part, and the other party is not in default, and is in a condition to rescind, he may abandon the contract and bring an action of assumpsit to recover back what he has paid thereunder, whenever assumpsit will lie independent of the contract.

19. The court has the right to eliminate erroneous features from a charge requested, and give it as modified, provided it is proper in its modified form on the facts of the case.

20. A charge which undertakes to submit to the jury a case on a basis of facts upon which a verdict would be unauthorized, should be refused, without reference to whether it contains a correct proposition of law.

21. It is not essential to the right of a party to a contract to rescind it that its violation by another party was wilful.

22. Under the act of 1828 (sec. 13, p, 813, McClellan's Digest), on the return of the sheriff on process issued against two or more defendants that one is served, and the others do not reside in the circuit or county where suit is instituted, it is permissible for plaintiff to proceed to judgment against the defendant served, without any formal dismissal or noting the fact of non-service as to the others not served.

Writ of Error to the Circuit Court for Marion county.

### STATEMENT.

The original declaration in this cause was filed by defendant in error, Green, against Mark R. Bacon,

plaintiff in error, and Delos H. Bacon and Adolphus H. Bacon. The amended declaration alleges that plaintiff entered into a contract with defendants whereby the latter agreed to make a complete set of abstract books of Jefferson county, Alabama, the abstract books to be completed within one year from the beginning work thereon, in consideration that plaintiff would pay two thousand dollars, one thousand to be paid on the tenth of November, 1886, five hundred in six months from that date, and five hundred when the books were completed. That the contract is as follows, *viz :* This contract made on this 16th day of October, 1886, witnesseth : That Bacon Bros. agree to make a complete set of abstract books of Jefferson county, Alabama, including the city of Birmingham and all other towns of said county ; said books to be completed within one year from the beginning of work on the same, the said (work) to begin as soon as the books can be manufactured and allowed time to season. On the completion of said books Louen N. Green, of Ocala, Florida, shall be the owner of one-third interest in them, and the abstract business arising therefrom in said county if he, or some person for him, shall have complied with the following conditions, to-wit : He shall pay the said Bacon Bros. the sum of $2,000, to be paid as follows : One thousand dollars to be paid in cash by the 10th of November, 1886, five hundred dollars in six months from that date, and five hundred dollars when the books are completed. Said Green to be at no other expense whatever until the books are completed, when he is to bear his one-third of the expenses for running the books, and to receive his one-third of the profits arising from the abstract business, that is to say he shall do no work and be at no other expense during the making of the books, but take advantage of and

manage his interest in the books and business after the completion of the abstract books. Dated at Ocala, Florida, the day and year first above written.

(Signed)    DELOS H. BACON   (SEAL)

             A. H. BACON      (SEAL)

             L. N. GREEN      (SEAL)

             M. R. BACON,      Supt.

It is further alleged that plaintiff paid defendants on the 10th of November, 1886, one thousand dollars, and within six months from that date five hundred dollars more, and that defendants began work on such abstract books more than twelve months prior to the commencement of the suit, and by the terms of the contract, should have completed the books long before suit brought. Further, that defendants had failed and refused to complete the books, had expended the money paid by plaintiff, and at the time of suing had only partially completed the same, and had utterly failed and refused to carry out the contract, and that before instituting suit plaintiff had rescinded the contract and demanded the money he had paid. There were also two common counts for money had and received, and for an account stated.

A demurrer to this declaration, filed by Mark R. Bacon, was overruled. The grounds of the demurrer are: 1. That Mark R. Bacon does not appear from the declaration to be a party to the contract, or liable thereon. 2. That there are no averments in the declaration connecting him with the contract, or as one of the Bacon Bros. making the same. 3. Because the contract is under seal as to all except Mark R. Bacon, and is not suable in assumpsit. 4. The declaration does not show any receipt of money by Mark R. Bacon, so as to charge him in an action for money had and received.

The pleas filed by Mark R. Bacon to the amended declaration are : 1. Never indebted as alleged. 2. That the contract set up in the declaration was never rescinded. 3. That for a consideration stated plaintiff agreed to extend the time for the completion of the abstract books as provided for in the contract. 4. On equitable grounds, that plaintiff knew when he accepted the contract that the name of defendant was put thereto without consideration, and not to be bound as a party to the same, but only in token of his assent to superintend the said business as superintendent, and that he had no interest in the contract ; all which was known to plaintiff when he accepted the same. 5. That defendant's name was placed upon the contract by mistake, and he was not interested therein or a party thereto, and plaintiff knew the same when he accepted the contract.

Issue was joined on the first three pleas, and the fourth and fifth on equitable grounds were stricken out on motion of plaintiff.

The other facts appear in the opinion.

*Miller & Spencer* and *John A. Henderson*, for Plaintiff in Error.

*R. L. Anderson* and *Louen ⁿ̷ₐN. Green in pro per* for Defendant in Error.

MABRY, C. J.:

This case has now been reached for final disposition on its merits. A partial statement of it will be found in the contempt proceedings growing out of the case, and published in connection with this opinion. After the opinion of this court on the demurrer to the answers in the contempt proceedings was rendered, plain-

tiff in error amended his petition in such proceedings and further answers were filed thereto. Issue was joined on the answers, but no further proceedings thereon have been taken by either party.

We will now examine the proceedings in the original case on the exceptions insisted on here. The original declaration filed in the case contained a special count and two common counts for money had and received, and for an account stated. Mark R. Bacon first demurred to the declaration, and his demurrer being overruled, five pleas were filed by him. Demurrers were first sustained to the third, fourth and fifth pleas, and amendments were filed in lieu thereof, with an additional plea numbered six. Issue was joined on one of the amended pleas, one was demurred to, and replications filed to two. Subsequently the replications were withdrawn and a demurrer substituted in one case, and a joinder of issue in another, making two amended pleas upon which issue was joined, and two that were demurred to. A demurrer was also filed to the first and second original pleas, and both demurrers were, upon argument, sustained. At this stage of the pleading the plaintiff, by leave of the court, amended the first count of the declaration by setting out therein *in haec verba* the contract alleged to have been entered into between Bacon Brothers, the defendants, and Green, the plaintiff. Mark R. Bacon obtained an extension of time to reply to the amended declaration, and within the time given interposed a a demurrer which was overruled. He then filed, within a time given for that purpose, five pleas; issue being joined on the three first, and the fourth and fifth were stricken out on motion. The amended declaration, the demurrer and pleas thereto and the issues

made thereon, are shown by the accompanying statement.

We have examined the ruling of the court on the demurrer to the declaration as it originally stood, and find no error therein, but the proceedings up to the filing of the amended declaration are not set out in this opinion, for the reason that they are of no practical use in disposing of the case, in view of the conclusion we have reached on the pleadings.

Under our statute (McClellan's Digest, p. 834, sec. 98, Rev. Stat. sec. 1044) in case an amended pleading is pleaded to before amendment, and is not pleaded to *de novo* within two days after amendment, or within such other time as the court shall allow, the pleadings originally pleaded thereto, if applicable, shall stand and be considered as pleaded in answer to the amended pleading. Livingston vs. L'Engle, 27 Fla. 502, 8 South. Rep. 728; Sammis vs. Wightman, 31 Fla. 10, 12 South. Rep. 526; Jordan vs. John Ryan Co., 35 Fla. 259, 17 South. Rep. 73. The statute evidently refers to replies to amendments in pleading, and it may be that one count in a declaration or one of several pleas, or parts of subsequent pleading may be amended without disturbing in any way the issues as to the other counts, pleas or subsequent pleading. If any pleading to which reply has been made is subsequently amended, the repliant may stand on his former pleading, if applicable to the amendment, or he may avail himself of the right to plead anew to the amended pleading. By pleading *de novo* to the amended pleading within the statutory period of two days, or such other time as the court shall allow, the party pleading waives or abandons, we think, all former pleading applicable to the amended pleading, except that subsequently pleaded. There were but two pleas undis-

posed of and standing to the declaration when it was amended, and they are the same as the second and third pleas filed to the amended declaration. Other pleas than the two mentioned had been filed and demurrers sustained to them, but if it be that a defendant, under such circumstances, when no new pleas are filed, can insist on having all of his former pleas, without reference to whether they had been disposed of before the amendment, applied to the declaration as amended, we are satisfied that by pleading anew to the amendment within the time allowed by the court for that purpose he abandons all former pleas exclusively applicable to the amendment. The pleas filed by the defendant to the original declaration were not directed specially to any one count, but to the declaration generally. The only pleas of this character that can be considered as not applicable exclusively to the special count are the first and second, the one being that the defendant did not promise in manner and form as alleged, and the other a general traverse of each and every allegation of the declaration. These pleas, it is claimed, will apply to the common counts of the declaration, and as there was no amendment of them, the ruling of the court on the demurrer to such pleas is properly presented for consideration. Conceding this to be the case, the plea of non-assumpsit can not be pleaded to the common counts for money had and received, and for an account stated. Rule 64 regulating the practice for the Circuit Courts. Since the adoption of the rule referred to such pleas have not been permissible to the common counts mentioned, and hence there was no error in sustaining the demurrer to the plea of non-assumpsit.

The second plea mentioned amounts to nothing more than the general issue. It is a general traverse of the

allegations of the declaration, and conceding that such a plea was good as applied to the common counts, we find that in pleading to the amended declaration defendant filed the plea of never indebted to the declaration generally, and this plea is the general issue to the common counts. The defendant had the benefit of the general issue on the trial under the amended declaration, and whether or not the ruling on the demurrer to the second original plea be error, is wholly immaterial to this case. The other pleas filed in the case applied to the special count of the declaration, and as this count was amended and the defendant subsequently filed the pleas found in the statement, we must look to them to find the issues upon which the case was tried.

The ruling on the demurrer to the amended declaration is insisted on here as error by counsel for plaintiff in error. The first and second grounds of this demurrer are in substance the same: that there are no averments in the declaration connecting Mark R. Bacon with the contract therein mentioned, or showing that he was one of the Bacon Brothers. The contract, made a part of the amended declaration, was executed between Bacon Brothers and L. N. Green, and it was signed by Delos H. Bacon, A. H. Bacon, L. N. Green and M. R. Bacon. The three Bacons are made defendants to the declaration, and it is therein alleged that the plaintiffs and defendants entered into the contract referred to. This clearly shows that M. R. Bacon was one of the parties to the contract, and on demurrer we see no room to doubt that he is properly alleged to be connected with the contract as a party thereto.

The third ground of demurrer is, that the contract is not a sealed instrument as to Mark R. Bacon, and is

not suable in assumpsit. This objection is based upon the theory that the action is upon the contract, and that as it was a sealed instrument as to all the parties except Mark R. Bacon, assumpsit would not lie. The action here is not upon the contract, but is in assumpsit to recover back money paid under the contract set out in the declaration alleged to have been violated by the Bacons and rescinded by Green. Whether a contract violated and rescinded be under seal or not, will not affect in any way the form of the action to recover back what has been paid thereunder. As a matter of fact, on the pleadings M. R. Bacon must be considered as having executed the contract under seal as it did the others. The word "seal" written in a scroll attached to the name of an obligor indicates an intention on his part to make the instrument a specialty, and this intention will govern. Comerford vs. Cobb, 2 Fla. 418. In Cotton vs. Williams, 1 Fla. 37, it was held that if several persons sign an instrument concluding with "witness our hands and seals," some putting seals opposite their names, and others not, such as did not affix seals will be presumed to have adopted the seals already there. The intention of the parties here to execute the instrument under seal is indicated by the use of scrolls with the word "seal" written therein by those first signing, and M. R. Bacon must be presumed to have adopted the seals affixed thereto. This much is said in reference to the character of the instrument as to M. R. Bacon, in view of the contention of counsel for plaintiff in error. Considering the allegations of the declaration and the signature of M. R. Bacon to the contract therein set out, it can not be successfully contended, under the demurrer to the declaration, that he did not sign the contract as a party thereto and was not to be bound thereby. The

suit not being on the contract, but in assumpsit to recover back money alleged to have been paid thereunder, the objection urged must fail, but whether a recovery can be had under the action brought against one only of the defendants, will be considered under other objections made by the defendant.

The last ground of the demurrer is, that no receipt of money by M. R. Bacon is shown so as to charge him for money had and received. The declaration alleges that the defendants received fifteen hundred dollars under the contract, and if it were true that Mark R. Bacon could not be held for an exclusive reception of money by his brothers, it can not be said, on demurrer to the declaration, that he received no money. The contract set out in the declaration contains a joint executory agreement on the part of the three Bacons to make a complete set of abstract books within a specified time, upon terms and conditions mentioned. Conceding that Green was in a situation to rescind the contract an account of its violation by the Bacons, and that he did so, the obligation to refund to him the money paid thereunder is joint on the part of the Bacons, and they may be jointly sued for money had and received on their joint account. This point will be further considered in other objections raised by plaintiff in error.

The equitable pleas were stricken from the files on motion of plaintiff, and this ruling is assigned as error. The contention of counsel for plaintiff in error is, that the only way to reach the pleas was by demurrer, and not by motion to strike. They invoke the rule that when pleas properly sworn to are filed within time, and are not entirely destitute of merit, they can not

be disposed of by motion to strike, but can only be reached by demurrer. The pleas in question were interposed on equitable grounds, and if they present no defense properly cognizable on such grounds, it is settled by our practice that a motion to strike them is proper. Spratt vs. Price, 18 Fla. 289; Horne vs. Carter's Admr., 20 Fla. 45; Johnston vs. Allen, 22 Fla. 224; Dickson vs. Gamble, 16 Fla. 687. Counsel do not cite any authority in support of the deficiency of the pleas as presenting good equitable defenses, but their contention in reference to them is as stated, that they could only properly be reached by demurrer, and not by motion to strike. Equitable pleas at law, in order to be good, must present some matter of defense which would be good ground for relief in equtiy against the judgment at law in case one should be rendered. Dickson vs. Gamble, *supra*. The defendant can not in either law or equity be permitted to contradict or vary his written contract by showing that notwithstanding he signed it, it was with the understanding that he was not to be bound as a party thereto. Solary vs. Stultz, 22 Fla. 263; Haworth vs. Norris, 28 Fla. 763, 10 South. Rep. 18; Towner vs. Lucas' Executor, 13 Gratt. 705; Jungermann vs. Bovee, 19 Cal. 355. If such defense could under any circumstances be relied on, it does not appear that it could not be made at law as well as in equity, the rules relating to altering or explaining valid written instruments being the same in both courts. Mistake or fraud in the execution of a contract, when properly pleaded, may be insisted on as a defense, but the alleged equitable plea before us attempting to set up the defense of mistake does not allege any state of facts which would authorize a court of equity to grant any relief thereon. That defendant's name was placed on the contract by mis-

take is a mere conclusion of the pleader without any facts to support it. We fail to discover in the supposed equitable pleas any defense on account of which a court of equity would, in the event of a judgment, grant any relief against it, and the motion to strike them out was proper.

Several objections are urged here against the rulings of the court in admitting certain evidence offered by plaintiff, and in rejecting other evidence offered by defendant. We will group such objections as may be considered together. The original contract set out in the declaration was read in evidence over the objection of the defendant. Louen N. Green, the plaintiff, was asked on cross-examination whether Mark R. Bacon was one of the Bacon Brothers named in the contract, and whether he (Green) had any understanding before the contract was executed, that Mark R. Bacon was not to be bound as a party thereto. Green was also asked by defendant if the three Bacons and himself were parties to the contract, why it was that he was to have a third interest instead of a fourth? When the defendant Mark R. Bacon was on the stand his counsel sought to prove by him that he was not to be bound as a party to the contract, had no interest in it and Green so understood it. Certain covers for abstracts and letterheads that had been used in the Ocala abstract office, where Green was engaged for a time, were offered by the defendant. The covers and letterheads had printed on them the firm of Bacon Brothers & Green, said firm being composed of Delos H. Bacon, Adolphus H. Bacon and L. N. Green. There was also testimony offered by defendant that at the time of the execution of the contract in question there existed a firm of Bacon Brothers, and that Mark R. Bacon was not a member of the firm. The court admitted the

contract, but rejected the other evidence offered. The object of the defendant was to establish the fact that he was not to be bound as a party to the contract, and that Green so understood this to be the case. We observe in this connection that although the court excluded the evidence just referred to, yet in the subsequent progress of the case Bacon was permitted, over the objection of plaintiff, to testify that he was not a party to the contract. Green was also allowed in rebuttal to testify that Mark R. Bacon was to be a party to the contract, and that he (Green) refused to sign it, or become a party to it, until it was signed by Bacon. The court ruled correctly, in our judgment, in admitting the contract in evidence, and in ruling out the other evidence in the first instance. It is not questioned here that M. R. Bacon did in fact sign the contract, and there is evidence in the record that the signature to the contract is in his handwriting. We do not see how he can, on the showing made, be permitted to show that he was not to be bound as a party to this contract. In the first place, the declaration alleges that all three of the Bacons executed the contract with the plaintiff, and there is no pleas, if one could be permitted, setting up the fact that he was not to be bound as a party to the contract. There were pleas attempting to set up such a defense to the original declaration, but no such pleas, other than those on equitable grounds already referred to, were filed to the amended declaration. That Mark R. Bacon was a party to the contract is an admitted fact upon the pleadings upon which the case was tried. But independent of this, Mark R. Bacon can not be allowed to contradict the contract by showing that he was not to be bound as a party to it. No effort was made to show that his signature was obtained by fraud, nor are facts

shown, or offered to be shown, that he signed the contract by mistake or through surprise. The contract was made on behalf of Bacon Brothers, and three Bacons sign it with the plaintiff. It is to be presumed a sealed instrument as to Mark R. Bacon, although no seal is affixed to his name, on the ground that he adopted the seals of the others who intended to make a specialty. The word "Supt." added to M. R. Bacon's signature does not relieve the contract of the character of being a joint undertaking on the part of all the Bacons who have signed it (Pentz vs. Stanton, 10 Wend. 271, S. C. 25 Am. Dec. 558); and the familiar rule applies that a party to a valid written instrument can not be permitted, by parol evidence, to vary or contradict it.

It is further objected that the court erred in permitting the plaintiff to state to the jury what one Crews said in reference to the condition of the abstract books. Plaintiff visited Birmingham, Alabama, for the purpose of ascertaining the condition of the books, and found Crews at work on them and in charge of the office. The time for the completion of the abstract books, according to the contract, had then expired, and Crews informed plaintiff that the books were not more than half completed. This statement is the one objected to by defendants. It appears from the evidence, without contradiction, that Crews was in the employment of the Bacons, working on the abstract books, and was in charge of them when the statement was made. Crews' statement as to the condition of the books, made while he was actually engaged in work on them, and when they were in his charge, is, we think, admissible against his principals. But if such statement was improper, it can not be held as reversible error on the record before us. The plaintiff was the

only witness who testified to any personal knowledge of the condition of the books at the time the statement was made, and independent of what Crews said, his testimony is positive that the books were not completed according to contract. On the plaintiff's testimony, about which there was no conflict, independent of what Crews said, the jury would not have been authorized to arrive at any other conclusion than that the abstract books had not been completed in accordance with the terms of the contract. Where there is no conflict in the evidence, and relevant portions of it fully sustain the verdict, and is of such a character as to authorize no other verdict, a new trial should not be granted because irrelevant testimony was admitted. Jacksonville, M. & P. Ry. & Nav. Co. vs. Warriner, 35 Fla. 197, 16 South. Rep. 898. In stating that there was no conflict in the evidence of the plaintiff that the books were not completed according to the contract, we do not overlook the fact that the bill of exception recites that depositions were read to the jury by defendants' counsel, but for reasons hereinafter stated we can not consider the depositions read to the jury. There are no depositions in the bill of exceptions, and in reference to the condition of the books at the time plaintiff visited Alabama he alone speaks of personal knowledge as to their condition.

A further objection is made that the court erred in permitting the plaintiff to testify that he paid fifteen hundred dollars under the contract to Bacon Brothers. One thousand dollars was paid to Delos H. Bacon, who receipted for it in the name of Bacon Brothers, and five hundred dollars was paid to Mark R. Bacon, who also receipted for it in the name of Bacon Brothers. The theory of defendant's objection is, that in this action the plaintiff can only recover, if at all, from the

party receiving the money, and that one would not be liable for the money received by another. This objection is based upon an erroneous view of the case. The contract being joint on the part of the Bacons to make the set of abstract books therein mentioned, a violation of the contract on their part will subject each and every one of them to liability for the money paid thereunder on their joint account. As exceptions to charges involve a consideration of the point arising the present exception, further discussion will be postponed until we come to consider the exceptions on the charges.

It is also objected that the court erred in admitting in evidence certain letters written by Delos H. Bacon to the mother of the plaintiff. It is not contended that the letters contained irrelevant matter to the case, but the sole contention is that they were not admissible in evidence against Mark R. Bacon, who alone defended the action. These letters relate to the abstract books agreed to be made by the Bacons, but as the only objection urged to their admission is that they were not written by Mark R. Bacon, their contents need not be referred to. Delos H. Bacon, the writer of the letters, is one of the makers of the contract, and his statements in reference to the abstract books are admissible against his co-contractors. This will more fully appear from what is said under other exceptions hereinafter considered.

Mark R. Bacon was asked what he knew about the plaintiff extending the time for the completion of the contract, or that there was even an extension of time for its completion. He stated that he knew it by implication and from his brothers. Plaintiff moved to strike out all that portion of the evidence received from his brothers. The court ruled so much of the testimony as was based upon information from wit-

ness' brothers, to be ascertained by reference to the record, be stricken out. It is insisted here that there was no such testimony, and that the ruling of the court may have mislead the jury as to what testimony in the record was stricken out. There is an implication in the answer of the witness that he knew from his brothers that plaintiff had extended the time for completing the contract, and it is not proper of course to place before the jury hearsay evidence. We are unable to see that any injury was done the defendant in ruling on the objections in the manner indicated.

Several objections are made to the ruling of the court in striking out certain interrogatories in depositions stated in the bill of exceptions to have been read to the jury. It appears from the bill of exceptions that plaintiff objected to certain interrogatories and the answer thereto on grounds stated, and that the court sustained some of the objections. We can not consistently with the settled rule of this court, consider any of these objections. There are no depositions incorporated into the bill of exceptions, and we can not look to any other source for the testimony that was introduced on the trial. We find copied into the record by the clerk some depositions and an agreement of counsel that they might be read on the trial of the case, subject to proper objections, but these depositions are not found in the bill of exceptions, nor is there any reference to them as exhibits or otherwise, so as to make a part of the record proper. The agreement of counsel that depositions may be read in evidence does not obviate the necessity of having such depositions as were read in evidence incorporated into the bill of exceptions. Myers vs. Roberts, 35 Fla. 255, 17 South. Rep. 358; Florida Central & Peninsular R. R. Co. vs. St. Clair-Abrams, 35 Fla. 515, 17 South. Rep.

639, and authorities cited. It appears that some depositions were read in evidence, but we can not know from the bill of exceptions what depositions were so read.

Exceptions were taken to the giving and refusing instructions to the jury by the court, and we will consider such as were insisted on here. The first charge excepted to instructed the jury, in effect, that the written contract must be considered as a sealed instrument as to Mark R. Bacon. What we have already said disposes of this objection. That Mark R. Bacon is presumed to have adopted the seals on the instrument when he signed it, is sustained by the authorities we have cited.

The third charge is excepted to on the ground that it erroneously imposed the burden of proof on the defendant to show that he was not a party to the contract. The entire charge, substantially, is as follows: The court having ruled in the progress of the trial that the defendant Mark R. Bacon might show as a defense that L. N. Green accepted the written contract with the knowledge that he (Bacon) was not bound as a party thereto, the jury are instructed that it must clearly appear by a preponderance of the evidence, that Green so accepted said contract. The burden of proof is upon Bacon to show this defense, and unless the jury are satisfied by a preponderance of all the evidence that Green entered into the contract with full knowledge and understanding that Bacon was not to be bound as a party thereto, such defense must fail. As has already been stated, the court permitted, over the objection of plaintiff, Bacon to testify that he was not to be bound as a party to the contract, and Green was permitted to testify in rebuttal that he was to be so bound. Under the issues made in this case Bacon

should not have been permitted to testify that he was not to be bound as a party to the contract which he had signed. It was an attempt to vary or contradict the written contract by parol evidence. As the ruling of the court in permitting such testimony, though erroneous, was in favor of Bacon, no injury could possibly have resulted to him from the charge given. On this record he must be considered as a party to the contract, and no amount of parol evidence should be permitted to show that he was not a party thereto. The instruction given was altogether in his favor.

The objection made to the fourth instruction given for plaintiff is that the contract is construed by the court to mean that the records of Jefferson county, Alabama, should be abstracted complete within the time provided for the making of the set of abstract books, and not that the record books in existence up to the time of making the contract should be abstracted. The contract provides for the making of a complete set of abstract books of Jefferson county, Alabama, the said books to be completed within one year from the date of beginning work thereon. This means that within the time provided in the contract all the records of Jefferson county, Alabama, contemplated by the system to be abstracted should be abstracted complete up to the time of the fulfillment of the contract. This is the view that the trial court took of the contract in the charge excepted to, and we agree with this construction.

A general objection is made to the other charges given for the plaintiff down to the eighth, on the ground that they require a preponderance of the proof on the part of defendant. The fifth and seventh charges announce the rule that the defendant must establish by a preponderance of the evidence the de-

fenses set up in his affirmative pleas that the plaintiff extended the time within which the contract was to be completed, and accepted the books as complete. The pleas set up affirmative defenses, and the burden of proof was upon the defendant to sustain them. There was, therefore, no error in the charges in the particulars mentioned. The objection made can not apply to the sixth charge, as there is no statement therein relating to the burden of proof.

The objections to the eighth, ninth and tenth charges given for the plaintiff may be considered together. The eight instructs the jury, in effect, that when one party to a contract shows by competent evidence that the other party thereto has failed and refused to carry it out, and that it has been rescinded, the party rescinding has the right to recover back the money paid under the contract, provided he can establish to the satisfaction of the jury that said contract had been broken by the other party, and notice of the rescission given within a reasonable time. The ninth states that if the plaintiff knew nothing of the condition of the abstract books, except from representations of defendants, until he went to Birmingham about the 15th of June, 1888, and that he then found said books in an uncompleted condition, and that they were in fact not completed according to the contract, and that within three weeks or one month he informed defendants, or either of them, that he would rescind the contract, and further, that he returned to Florida, and within a week or ten days thereafter instituted suit to recover money he had paid under the contract, this was a reasonable time within which to rescind the contract, and he had a right to recover said money, provided the contract was broken by defendants, and the books were unfinished according to the contract. The tenth charge as-

serts that if the jury believe from the evidence that the defendants contracted to complete a set of abstract books of Jefferson county, Alabama, and that they failed to complete the same within the time stipulated in the contract, and plaintiff performed his part of the contract according to its terms up to the time of its rescission, he had a right to rescind the contract, and could sue for such amount as he had paid thereunder.

The third instruction given by the court for the defendant states that not every shortcoming of a party to a contract will authorize the other party to rescind. The acts and conduct of a party against whom a rescission of a contract is undertaken must be such as to evince an intention to be no longer bound by the contract, and the breach of the contract must be in a substantial part thereof.

Several objections are urged to the instructions given for the plaintiff. It is first contended that it was not the province of the court to determine what was a reasonable time within which to rescind the contract, and such question should have been submitted to the jury for determination. In the second place it is insisted that the plaintiff had no right to rescind the contract and recover the money paid thereon, but could only sue for damages for the uncompleted portion thereof. And in the third place it is urged that the plaintiff could recover, if at all, only from the party receiving the money under the contract. In 2 Parsons on Contracts, page 677, it is stated that "whichever party has the right to rescind must do it within the time specified, if there be such a time, or otherwise within a reasonable time. What is a reasonable time, is in this, as in most other cases, a question of law for the court only." Gordon vs. Simonton's Admr., 10 Fla. 179. It is not contended here that under the facts and cir-

cumstances of the present case that three weeks or a month was not a reasonable time in which to rescind the contract, but that the question was for the jury to determine, and not for the court. Where the facts are not disputed the question of what is a reasonable time for the rescission of a contract is clearly one, we think, for the court to decide, and it is not improper for the court to tell the jury that on the undisputed facts a given time is or is not reasonable. Holbrook vs. Burt, 22 Pick. 546. There is no dispute in reference to the circumstances under which the plaintiff in the present case claimed the right to rescind the contract, and the objection urged to the charge of the court must fail.

In Brown vs. Harris, 2 Gray, 359, it is said: "It is a familiar principle of law that when money is paid by one party in contemplation of some act to be done by another, and the thing stipulated to be done is not done, the money may be recovered back in an action for money had and received." See also Giles vs. Edwards, 7 Term Rep. 181, S. C. 4 Revised Rep. 414; Webster vs. Enfield, 5 Gilman (10 Ill.) 298; Evans vs. Givens, 22 Fla. 476; 2 Parsons on Contracts, 678. There may be cases where the parties can not be placed in *statu quo* when the right to rescind can not be exercised, or where one party to a contract has received benefits thereunder which he can not retain and rescind, but when one party to an entire executory contract has failed to perform it on his part, and the other party is not in default, and is in a condition to rescind, he may abandon the contract and bring an action of assumpsit to recover back what he has paid, or for what he has done thereunder whenever assumpsit will lie independent of the contract.

The third objection urged to the charges under con-
sideration is, that plaintiff could only recover against
the parties receiving the money under the contract.
This objection involves a consideration of the theory
upon which the defense almost entirely rests, and as
the propriety of the rulings of the court on other
points depends upon it, we will devote some space to
it. The objection is based upon the view that the
foundation for the action for money had and received
is that the defendant has money in his possession to
which the plaintiff is entitled *ex-aequo et bono* and
that such action can not be maintained against two or
more without showing that they jointly received the
money. As applied to the present case it is claimed
that when the plaintiff abandoned the contract and
sued for the money paid thereunder, he could only re-
cover against the parties receiving the money. The
suit was instituted against all three of the Bacons,
and the theory of plaintiff's case is that they are
jointly liable for the money received by any one of
them on joint account under the contract. Where
an action of assumpsit for money had and received is
brought against two or more, it is essential to show
that the money was received under a joint contract, or
that they jointly received the money. Manahan vs.
Gibbons, 19 Johnson, 109; Ibid 427. In Munroe vs.
Perkins, 9 Pick. 298, S. C. 20 Am. Dec. 475, it was
held that where, by a contract under seal, two persons
agreed with the plaintiff to pay him a fixed sum for
building a house, and both to superintend the work,
and in the absence of one, the other to act, but always
with a joint view to the same object, that a parol
agreement by each at different times to waive the con-
tract and pay plaintiff a reasonable compensation, was
a joint promise, and a recovery might be had against

one on the joint liability. The special count in the declaration shows that the three Bacons entered into the contract with plaintiff to make a set of abstract books within a specified time, when he was to have a third interest, provided he paid two thousand dollars at times mentioned. The contract to make the abstract books was entire and executory, and the obligation on the part of the Bacons was joint. The proof shows that plaintiff paid fifteen hundred dollars under the contract—one thousand to Delos H. Bacon, and five hundred to Mark R. Bacon, but all was receipted for on the joint account of Bacon Brothers. Conceding that the contract to make the abstract books had not been complied with, and that Green had the right to rescind, the obligation on the part of the Bacons to refund the money was joint, and a joint action could be maintained against them for its recovery. The result is, that the objections urged to the charges mentioned are not good.

The exception to the eleventh charge given for plaintiff is disposed of by what has already been said. The objection is, that the jury were left to understand that Mark R. Bacon would be liable for money paid under the contract to his brothers.

Other charges given for plaintiff are not argued by counsel for plaintiff in error, and we do not discuss them.

The first instruction asked by the defendant was given after striking out a clause therein to the effect that Mark R. Bacon could not be held responsible for money paid under the contract to the other Bacons. It is now contended that it was error for the court to modify the charge, and that it should have been given or refused as requested. The portion of the charge eliminated was improper as we have seen. The Bacons,

if liable at all, were jointly liable to the plaintiff for the money paid under the contract, and it was immaterial which one actually received the money, so it was received on their joint account under the contract. The court had the right to eliminate the bad feature of the charge and give it as modified, provided it was proper on the facts of the case. It is not contended that the charge as modified was erroneous. Pensacola & Atlantic R. R. Co. vs. Atkinson, 20 Fla. 450; Evans vs. Givens, *supra.*

The third instruction requested for defendant was refused. It states that if the jury find the contract to make the abstract books was partially performed by Bacon Brothers, who were proceeding in good faith to perform it, and that only a very small portion remained to be performed, the plaintiff could not rescind if he could be compensated in damages for the part unperformed. It may be noted that the charge does not confine the jury to a finding from the evidence in the case. It is never proper to leave a jury to decide a case from their own opinions or views without reference to the testimony before them. Doggett vs. Jordan, 2 Fla. 541. The charge was properly refused, on the testimony before us, on another ground. The plaintiff was the only witness examined in the case, as shown by the bill of exceptions, who had any personal knowledge of the condition of the books when notice of the rescission of the contract was given, and there is nothing in his testimony to authorize the submission of the case to the jury on the theory that a very small portion of the contract remained to be performed. According to his testimony at least thirty volumes of public records of Jefferson county had not been begun to be abstracted when he rescinded the contract, and there is no testimony before us in con-

flict with his statement on this point. We have called
attention to the fact that it appears from the bill of
exceptions that depositions were read to the jury, but
they are not before us, and we can not know what they
contain. In determining the correctness of a charge
based upon the testimony, it is essential that the bill
of exceptions should contain all that is necessary to
enable the court to decide upon the propriety of the
charge. It is not, however, to be inferred from this
that it is necessary to bring up any more testimony
than is necessary to decide the question raised, as there
may be cases, as in Seymour vs. Creswell, 18 Fla. 29,
where the court will consider errors assigned, although
it appears that some portion of the evidence has been
omitted from the bill of exceptions. This can be done
when it appears that the omitted testimony can not
affect the question on the record as presented. As
there was in this case testimony before the jury of which
we can have no legal knowledge, and which may have
borne on the question of the completion of the con-
tract, we can not assume that there was anything in
the absent testimony that would make the refusal of
the court to give the charge error. Counsel must not
expect the court to consider exceptions involving a
consideration of the evidence when it appears that per-
tinent portions, or portions that may have been perti-
nent, have been left out of the bill of exceptions.

The third instruction requested by defendant, set
out *supra*, was given after striking out the word "wil
ful," in the last paragraph. The charge as requested
stated that the breach of the contract must be wilful
in a substantial part of it. The word "wilful" was
stricken out by the court. It was not essential to the
right of plaintiff to rescind the contract that its viola--

tion was wilful, and we think the court did right in striking out the objectional word. It can not be contended, as it is not, that the charge as contended was injurious to defendant.

The fourth instruction refused is not argued.

The fifth is, in substance, that if after becoming aware that the abstract books had not been completed according to contract the plaintiff accepted the same, or stated to Bacon Brothers, or either of them, that he was satisfied with them, or did any other act or thing in recognition of the continued existence of the contract, he could not afterwards rescind the same. There is no testimony before us that plaintiff ever accepted the books, or informed Bacon Brothers, or either of them, that he was satisfied with the same. The uncontradicted testimony is that plaintiff refused to receive the books, and expressed dissatisfaction over the fact that they were not completed. We can not legally know what was shown in the depositions, and can not refer to them. A charge which undertakes to submit to the jury a case on a basis of facts upon which a verdict would be unauthorized, should not be given without reference to whether or not it contains a correct proposition of law. Tischler vs. Kurtz Bros., 35 Fla. 323, 17 South. Rep. 661.

The ninth instruction refused is the only remaining one argued by counsel, that can not be considered by us as abandoned. This instruction is, that if Mark R. Bacon did not receive any of the money from plaintiff, the jury should render a verdict in his favor. That this instruction was properly refused is apparent from what we have already said, and further comment is unnecessary.

The only remaining exception on the main case, argued by counsel for plaintiff in error, relates to the en-

try of judgment against Mark R. Bacon alone. The
declaration was filed and summons issued against De-
los H., Adolphus H. and Mark R. Bacon, but service
was had only on the latter. The return of the sheriff
on the summons shows that Delos H. and Adolphus H.
Bacon did not reside in the county where suit was in-
stituted. Mark R. Bacon alone appeared and de-
fended the suit, and after verdict, judgment was en-
tered against him. Plaintiff by leave of the court,
amended the judgment so as to show that Delos H.
and Adolphus H. Bacon had not been served with sum-
mons, and were non-residents of the county. The ob-
jection urged to the judgment is, that it was error for
plaintiff to proceed to final judgment against Mark R.
Bacon without first having noted the fact of non-ser-
vice as to the other defendants: The act of 1828 (sec.
13, p. 813 McClellan's Digest) provides that when an
original writ or summons has been sued out against
two or more defendants and returned by the sheriff or
other officer, served upon one or more, and that the
other defendants do not reside in the circuit or county,
it shall be lawful for the plaintiff, at his option, to pro-
ceed to judgment against those served, or obtain from
the court time to perfect service, by the issuance of
further process, as to the others. The return of the
sheriff showed that the two absent Bacons did not re-
side in Marion county, and it appears that the plain-
tiff proceeded to final judgment against the one served.
Such return—that the parties not found did not reside
in the county—is sufficient under the act mentioned to
authorize the plaintiff to proceed to judgment against
a defendant served, without any formal dismissal or
noting the fact of non-service as to the others. This is
the construction placed upon the act by this court, as
we understand the decisions in the case of Doggett vs.

Jordan, 2 Fla. 541; Doggett vs. Jordan, 3 Fla. 215; Doggett vs. Jordan, 4 Fla. 121.   The only doubt we have in the matter is whether the act of 1828 is repealed by the act of 1873 (sec. 19, p. 814 McClellan's Digest).   If such a result follows it would have to be by implication, as there is no direct repeal of the former act.   Repeals by implication, according to the well-established rule, are not favored, and if the two acts can stand together, it is our duty to enforce both. A consideration of the two acts impresses us with the view that there is not such a conflict between them as to result in a repeal of the former, and according to its provisions there was no error, after the sheriff made his return as to the non-residence of some of the defendants, in proceeding to judgment against the one served.   The fact that plaintiff amended his declaration after Mark R. Bacon appeared to the action does not indicate an election to proceed against all the defendants.   No alias summons was issued as to the parties not served under the original writ, and the character of amendment made did not show an election to still proceed against those shown by the sheriff's return to be non-residents of the county.   All the objections urged here by counsel for plaintiff in error have been noticed, and no reversible error being found, the judgment should be affirmed.

Errors are assigned on the record of the proceedings traversing the attachment affidavit, and we have a bill of exceptions properly signed embodying the proceeding on such issue.   Conceding that the proceedings on such issue are properly before us for review, we have examined them and find no reversible error.   What we have said in disposing of the assignments of error on the merits of the case covers all the objections raised on the traverse issue, and we do not deem it necessary

to prolong this opinion by going over points already decided.

Counsel having failed to further prosecute the contempt proceedings instituted, and the case having now been disposed of on its merits, an order will be entered in connection with the entry of judgment herein dismissing such contempt proceedings.

Judgment to be entered accordingly.