**PENINSULA LAND COMPANY, a Florida Corporation, et al., v. GRAEME K. HOWARD.**

6 So. (2nd) 389          En Banc
April 10, 1942

Thos. B. Adams, and Edwards & Edwards, for appellants.

Russell Snow and Lloyd Campbell, for appellee.

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, and Tiffany Turnbull, Special Assistant Attorney General, as Amicus Curiae.

REWRITTEN OPINION ON PETITION FOR REHEARING

BROWN, C. J.:

The petition for rehearing in this case was denied on February 24, 1942, with a brief opinion thereon prepared by this writer, in which a majority of the Court concurred. Within a few days thereafter my attention was called by a lawyer friend not connected with this case, to a statute, 4851 C.G.L., 3070 R.G.S. which I had overlooked and of which I was blissfully ignorant at the time I wrote the opinion. This statute has a bearing upon that part of the opinion on rehearing which held that the *deputy* clerk could not accept as cash a check in payment for tax certificates sold, or attempted to be sold, under Section 992 C.G.L., the main reason for so holding, as given in that opinion, being that this was not a ministerial act, and therefore not such an act as a deputy could perform. About the time my lawyer friend called my attention to Section 4851 C.G.L., counsel for appellee sent to the clerk of this Court a second petition for rehearing based largely upon said Section 4851 C.G.L., and his construction of same, and the effect thereof. Upon my request, made before I had read the second petition for rehearing, the Court ordered the mandate recalled so that our opinion and decision on the petition for rehearing might be reconsidered in the light of the overlooked statute.

Section 4851 C.G.L. provides that: "The said clerk may appoint a deputy or deputies, for whose acts he

shall be liable, and the said deputies shall have and exercise the same powers as the clerks themselves."

My idea is that the word "powers" as used in this means "ministerial" powers.

Ordinarily taxes can only be paid and tax certificates purchased with cash, i.e., lawful money. Frier v. State, 11 Fla. 300; 3 Cooley on Taxation, 4th Ed., Sec. 1272. And the statute under which Howard attempted to purchase the outstanding tax certificates on appellant's lands, Section 992 C.G.L., contemplates payment therefor in cash. It is true, we have held in Beasley v. Burnett, 146 Fla. 421, 1 So. 2nd 260, that *the clerk* of the circuit court may receive in payment for tax certificates a check which he knows to be good; but here we are dealing with the action of a deputy clerk.

In McKinnon v. McCollum, 6 Fla., 376, it was said that "a ministerial office may be exercised by a deputy," and that "ministerial officers can appoint deputies," and, further, that, "in general a deputy has power to do every act which his principal might do, but a deputy cannot make a deputy." In 10 Am. Juris, 954, it is said that: "As a general rule a deputy clerk may perform all ministerial acts appertaining to the office of his principal." In this general connection, see Section 27 of Article III of Constitution which I think would prevent a circuit clerk, a constitutional elective officer, from appointing a deputy who would have *all* the powers of the clerk. See also Dickson v. Gamble, 16 Fla. 687; State v. Barns, 25 Fla. 298, 5 So. 722; City of Tampa v. Kaunitz, 39 Fla. 683, 23 So. 416; First National Bank v. Filer, 107 Fla. 526, 145 So. 204; State v. Apalachicola N. R. Co., 81 Fla. 394, 88 So. 310; Willingham v. State, 21 Fla. 761, 778;

Gibbens v. Pickett, 31 Fla. 150, 12 So. 17, 19 L.R.A. 177; Fridenburg v. Robinson, 14 Fla. 130; 21 R.C.L. 919; Standard Oil Co. v. Mehrtens, 96 Fla. 455, 118 So. 216, h.n.9. And it appears to have been held in most jurisdictions that if a check is accepted in payment for taxes, it is only a conditional payment, and that the taxes are not *paid* until the check is paid. See 61 C. J. 964. Also, as pointed out by Mr. Justice Chapman in his majority opinion, it appears from the testimony to the clerk in this case that "as a general rule certificates or receipts were not delivered until ten days after any checks had had time to clear." It further appears that the clerk himself did not decide to treat this check as cash until the evening of May 17th or 18th, when he called up an officer of the drawee bank and was informed that the check would be paid on presentation.

In the light of these authorities, I am personally still of the opinion, in spite of the broad language of Section 4851 C.G.L., that only the clerk himself can transmute a check into cash by his decision to accept it as such, and that the acceptance by the deputy clerk of the check as cash and as complete payment for the tax certificates was not a ministerial act, but an act involving the exercise of judgment and discretion, and hence one that he was not authorized to perform, either as a matter of law or under the office rule established by the clerk. However, this is a somewhat controversial question, the determination of which is not necessary to the decision of this case. So, we will leave that question undecided.

This opinion is substituted for the writer's opinion filed on February 24, 1942, on petition for rehearing, the original being withdrawn.

I have read the entire voluminous record in this case, and all of the briefs, and I am thoroughly satisfied that, in the light of our decisions holding that the Murphy Act, (Ch. 18296) must be liberally construed in favor of the land owner seeking the benefits thereof, the reasoning and the conclusions reached by Mr. Justice Chapman in our original majority opinion are sustained by the evidence.

On reconsideration of the case, this opinion is substituted for our former opinion on petition for rehearing, and we reach the same conclusion as before, to-wit: that our original opinion and judgment of reversal should be adhered to, and that our order of February 24th, denying the petition for rehearing, should also stand.

Original opinion and judgment of reversal adhered to, and petition for rehearing denied.

The mandate in this case, which was recalled as above stated, is accordingly ordered to be returned to the trial court.

WHITFIELD, TERRELL, and CHAPMAN, JJ., concur.

BUFORD, THOMAS and ADAMS, JJ., dissent.