THE ST. JOHNS ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error* v. THE CITY OF ST. AUGUSTINE, A MUNICIPAL CORPORATION, *Defendant in Error.*

Opinion Filed April 22, 1921.

1. A common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono*, he ought to refund.

2. License taxes involuntarily paid under an invalid ordinance of a municipality may be recovered in an action where the appropriate common counts are used.

3. Taxes are not voluntarily paid within the rule that precludes a recovery, even if illegally exacted, where the failure to pay is a penal offense and payment is made to avoid proceedings to enforce the penalty.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Reversed.

*George W. Bassett, Jr.,* and *David R. Dunham,* for Plaintiff in Error;

*E. Noble Calhoun,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"The St. Johns Electric Company, a corporation under the laws of Florida, by its counsel undersigned, sues the City of St. Augustine, a municipal corporation under the laws of Florida, defendant, for this, to-wit:

"That heretofore, to-wit, on the 30th day of September, A. D. 1919, the said defendant was indebted to the said plaintiff in the sum of $2,500.00, for money before that time lent by the plaintiff to the defendant; and for a like sum of money before that time paid by the plaintiff for the use of the defendant; and in a like sum of money before that time had and received by the defendant to the use of said plaintiff; and for lawful interest upon and for the forbearance by the plaintiff to the defendant, at its request, of said sum of money due from the defendant to the plaintiff, and afterwards, in consideration of the premises, the said defendant promised to pay the said several sums of money on request, but did not pay the same or any part thereof, although often requested so to do.

"WHEREFORE this plaintiff brings its suit and claims $2,500.00 damages of the defendant.

"G. W. BASSETT, Jr.,

"D. R. DUNHAM,

Attorneys for Plaintiff.

"Bill of Particulars attached.

### "BILL OF PARTICULARS.

"License tax imposed on St. Johns Electric Company by the City of St. Augustine for year 1917 and paid by said Company, October 16, 1916 ...........................$  500.00

590    SUPREME COURT OF FLORIDA.

St. J. Elec. Co. v. City of St. Augustine—Opinion of Court.

"License tax imposed on St. Johns Electric Company by the City of St. Augustine for year 1918 and paid by said Company November 20, 1917 .......................... 500.00

"License tax imposed on St. Johns Electric Company by the City of St. Augustine for year 1919 and paid by said Company October 16, 1918 ........................... 500.00

$1,500.00

"License tax which should have been imposed by the City of St. Augustine on the St. Johns Electric Company for the following years, to-wit:

Year of 1917.................$20.00
Year of 1918................ 20.00
Year of 1919................ 20.00
                                   60.00

"Overcharge actually made by City of St. Augustine against the St. Johns Electric Company, and actually collected by said City from said Company for years of 1917, 1918 and 1919 ...........................$1,440.00"

The pleas were "never was indebted as alleged" and the statute of limitations. A verdict for the defendant was directed and a judgment entered thereon. Plaintiff took writ of error.

Recovery was sought upon the theory that illegal license taxes were collected from the plaintiff and that the payment thereof was not voluntary. The form of action is permissible.

A common count for money payable to the plaintiff for

money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono,* he ought to refund. Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 South. Rep. 182; Gordon v. Camp, 2 Fla. 422; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287.

It will be assumed that in directing a verdict for the defendant the court properly took judicial notice of its prior adjudication of the invalidity of the ordinance under which the license taxes were paid by the plaintiff to the city, thus limiting the enquiry to the involuntary nature of the payment of the license taxes sought to be recovered. As the ordinance prescribed a penalty by a fine of double the license tax for failure to pay the license taxes, it cannot fairly be said that the payment was voluntary in the sense that its recovery is forbidden by a rule formulated by the courts, even though the ordinance under which it was paid has since been adjudicated to be invalid. Taxes are not voluntarily paid within the rule that precludes a recovery, even if illegally exacted, where the failure to pay is a penal offense and payment is made to avoid proceedings to enforce the penalty. See 26 R. C. L. 457; Robertson v. Frank Bros. Co., 132 U. S. 17, 10 Sup. Ct. Rep. 5. This holding does not conflict with Johnson v. Atkins, 44 Fla. 185, 32 South. Rep. 879, where the tax was legal and the party ceased to do business after paying a part of the license tax and after selling intoxicating liquors for a time as though he had a license duly issued.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.