S. E. GILMORE, *Plaintiff in Error,* v. THE TEXAS COMPANY, a Corporation, *Defendant in Error.*

Division B.

Opinion filed July 14, 1930.

Petition for rehearing denied September 10, 1930.

*D. W. Berry,* for Plaintiff in Error;

*E. C. Maxwell,* for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was a gasoline dealer running three filling stations in Escambia County, outside the city limits of Pensacola.

There was a contract between the parties for the purchase and sale of gasoline to be used at the three stations owned by the plaintiff in error. The provisions in the contract as to price were as follows:

"PRICE:  Seller's tank wagon price, current date of delivery, less a discount of two and one-half (2½c) per gallon, said discount to be allowed only in the event that actual deliveries hereunder amount to not less than

Station No. 1, 3000
"  No. 2, 1000
"  No. 3, 1000

within a calendar month."

The suit was for an overcharge of 1c per gallon for gasoline sold and delivered to the plaintiff in error by the defendant in error between May 9th and July 9th, 1928, amounting to 41,912 gallons of gasoline and amounting to $419.12.

The declaration which the plaintiff in the court below stood on was one in assumpsit containing amongst others common counts for money paid by the plaintiff for the defendant at defendant's request; money received by the defendant for the use of the plaintiff. In Cullen v. S. A. L. R. R. Co., 63 Fla. 122, 58 So. R. 182, this Court say:

"A common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono*, he ought to refund.

"A common count for money had and received lies for money paid by mistake or upon a consideration which has failed, or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under these circumstances."

The evidence shows that during the period involved in this suit the defendant in error was engaged in the business of selling gasoline at wholesale in Pensacola and in Escambia County; that the City of Pensacola imposed a city tax of 1c per gallon on gasoline sold within the city; that the wholesale dealers in gasoline added the State tax and the city tax to their tank wagon prices and collected both the State tax of 5c per gallon and the city tax of 1c per gallon. The State tax was not entered on the bill separate from the wholesale price of the gasoline, and it is explained in the record, the dealer was required to pay the 5c State tax on all gasoline and, therefore, there was no necessity of making a separate entry on each charge of the amount of the State tax. But, the city tax was entered separately on bills for gasoline sold to service stations within the city limits. When the gasoline was delivered to the purchaser, the plaintiff in error here, whose stations were just outside the city limits, the gasoline was billed to him at 21c per gallon without any showing that 1c was for city tax, while the bills rendered to those inside the city were for 20c per gallon together with an additional 1c for city tax. In other words, the evidence shows conclusively that the tank wagon price of gasoline was 15c per gallon and that lawfully imposed taxes were added to this price and collected from the retail dealer and that when the wholesale dealer delivered to those service stations outside

the city limits it proceeded to collect the amount of the city tax, although it was not required to pay the same to the city.

We think it was the clear intent of the contract between the parties that the plaintiff in error should have his gasoline at the same price to the wholesale dealer which the wholesale dealer received from retail dealers in the City of Pensacola and that the extra charge of 1c per gallon was in violation of the contract and was unwarranted.

When the plaintiff in error saw fit to establish his business locations outside the city limits it is probable that one of the items which influenced him in so doing was to avoid the necessity of paying city taxes, that he might thereby carry on his business with less expense and thereby sell his commodities to his customers for a less price than he could sell the same if conducting his business within the city limits. He had a perfect right to do this and his customers were entitled to the benefits that might accrue by reason of such location. The sellers' tank wagon price during all the time here involved was 15c per gallon. The seller charged the plaintiff in error here 16c per gallon. To the tank wagon price there was added such lawful tax as was collectible. Within the city limits that tax was 5c per gallon to the State and 1c per gallon to the city. Outside the city limits the tax was 5c per gallon to the State only.

Jury was waived and the court found in favor of the defendant and entered a judgment accordingly. The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.