CITIZENS BANK OF FORT MYERS, a Corporation, *Plaintiff in Error,* vs. FIRST NATIONAL BANK OF WAYNESBORO, a Corporation, *Defendant in Error.*

Division B.

Opinion filed February 13, 1931.

*Sheppard & Clements,* for Plaintiff in Error;
*Henderson & Franklin,* for Defendant in Error.

BUFORD, J.—Plaintiff in error is a Florida corporation. Defendant in error is a National banking corporation with its place of business in Waynesboro, Virginia.

George Fox was trading under the name of George Fox Company and drew a draft payable to Citizens Bank of Fort Myers in the sum of $1500.00 directed to First National Bank of Waynesboro, Va. Citizens Bank of Fort Myers discounted the draft and credited Fox with the amount thereof in a checking account and forwarded the draft through its usual channels to First National Bank of Waynesboro, Va. When the draft arrived at First National Bank of Waynesboro Fox did not have sufficient funds in that bank to pay the same. Therefore, that bank started the draft back to the Citizens Bank of Fort Myers when Fox appeared at First National Bank of Waynesboro. Thereupon First National Bank of Waynes-

boro received from Citizens Bank of Fort Myers a telegram in the following language, to-wit:

"Received at Waynesboro, Va.

26RD R 50 DL

Ft. Myers, Flo. 852A Jul 24 1928

Waynesboro National Bank

Waynesboro Vir

UNDERSTAND GEO FOX EXPECTS TO OPEN AN ACCOUNT WITH YOU STOP WE HAVE EXTENDED HIM CREDIT UP TO SIX THOUSAND DOLLARS ON THE STRENGTH OF HIS DRAFTS AND HE HAS ALWAYS HANDLED HIS AFFAIRS SATISFACTORILY STOP AT HIS REQUEST WE GUARANTEE PAYMENT OF HIS CHECK NOT EXCEEDING TWO THOUSAND DOLLARS

CITIZENS BANK OF FORT MYERS

1014A''

Upon receipt of the telegram Fox drew a check on the Fort Myers bank payable to himself for the sum of $2,000.00, endorsed the check and requested First National Bank of Waynesboro to cash the same.

Thereupon, First National Bank of Waynesboro recalled the original draft for $1500.00 from its correspondent at Richmond, Va. The draft being returned, the First National Bank of Waynesboro cashed the check and paid the draft, transmitting the same through the usual channels to Citizens Bank of Fort Myers and that bank received the payment. Upon the check of Fox being presented in due course to Citizens Bank of Fort Myers, that bank refused to pay the same and returned it. Thereafter, defendant in error brought suit on common counts against Citizens Bank of Ft. Myers, the first count being for money payable by the defendant to the plaintiff for money paid by the plaintiff for the use of

the defendant at its request, and the second count being for money payable by the defendant to the plaintiff for money received by defendant for the use of the plaintiff.

The record discloses, therefore, that the defendant in the court below by its telegram above quoted caused the plaintiff to pay over to the defendant $1500.00 which otherwise the plaintiff would not have paid.

The plaintiff in error contends that the law of this case is controlled by the rule stated in Cottondale State Bank vs. The Oskamp Nolting Co., 64 Fla. 36, 59 Sou. 566, and cases there cited. The rule as stated in that case is not applicable here. In that case credit was extended to W. R. Young because the bank guaranteed the payment for Young and Young received the goods from OsKamp Nolting Company upon the credit of Cottondale State Bank. In this case Citizens Bank of Fort Myers had accepted the draft of Fox payable to that bank, had discounted the draft and allowed Fox to draw the proceeds and it procured the payment of that draft to it by its telegram to First National Bank of Waynesboro and when Citizens Bank of Fort Myers refused to pay the check of Fox, which was accepted by First National Bank of Waynesboro because of the telegram received by it from Citizens Bank of Fort Myers, it was in equity and good conscience bound to return to First National Bank of Waynesboro the $1500.00 paid by First National Bank of Waynesboro to Citizens Bank of Fort Myers in reliance upon its telegram. The question of ultra vires attempted to be raised by plea is entirely inapplicable.

In Gordon et al. vs. Camp, 2 Fla. 422, the Court say:

"The plaintiff mainly relies upon the count in his declaration *for money had and received*. Such a count has been likened to a bill in equity, and may,

in general, be proven by any legal evidence, showing that the defendant has possession of the money of the plaintiff which, in equity and good conscience, he ought to pay over. 'It is a liberal action, in which the plaintiff waives all torts, trespass and damages, and claims only the money which the defendant has actually received'. 2 Greenleaf's Evidence, 105.''

In Cullen vs. S. A. L. R.R. Co., 63 Fla. 122, 58 Sou. 182, the Court say:

"A common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono,* he ought to refund. This action to recover money which ought not in justice be kept lies for money paid by mistake or upon consideration which has failed, or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under these circumstances. The gist of the action is that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice to refund the money. 2 Andrews Amer. Law, page 1265; Moses vs. Macferlan, 2 Burr. 1005, text 1012.

A count for money had and received may be proved by any legal evidence, showing that the defendant has possession of the money of the plaintiff, which in equity and good conscience he ought to pay over. Gordon vs. Camp, 2 Fla. 422; Bishop vs. Taylor, 41 Fla. 77, 25 South. Rep. 287; 2 Ency. Pl. & Pr. 1016, 27 Cyc. 849.''

In St. Johns Electric Company vs. The City of St. Augustine, 81 Fla. 588, 88 Sou. 387, the Court say:

"A common count for money payable to the plaintiff for money had and received by the defendant for

the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono,* he ought to refund.''

There appears no reversible error in the record. The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.