## W. A. SMITH v. TEXAS COMPANY

149 So. 585.
Division A.
Opinion Filed August 10, 1933.

*D. W. Berry,* for Plaintiff in Error;

*E. C. Maxwell,* for Defendant in Error.

DAVIS, C. J.—In an action at law the Court below directed a verdict for the defendant, which was an oil company being sued for the recovery of $1,358.90, alleged refund due on the price paid for gasoline, which plaintiff below contended the defendant had agreed to refund because of a condition of collection, similar to the circumstances dealt with by this Court in the case of Gilmore v. Texas Company, 100 Fla. 169, 129 Sou. Rep. 587. This case, however, unlike the Gilmore case just cited, does not turn upon the construction of a written contract, but is based entirely upon an alleged verbal contract purported to have been made upon behalf of the oil company by one of its agents, and contingent upon the outcome of the Gilmore case. The oil company denied both the contract and the authority of its alleged agent to make it, if one was in fact made. The proof offered was not sufficient to take the case to the jury as against the defendant's pleas, because neither express nor implied authority on the agent's part to verbally bind the oil company to disburse money from its treasury to pay back the amount involved, was shown, nor was any proof or ratification of this particular verbal agreement attempted

to the extent of making it appear that the company had ever accepted any special consideration for such an undertaking as plaintiff relied on as the basis for his recovery of the alleged overcharge of one cent per gallon on the gasoline sold to him for purpose of dispensing same outside the City of Pensacola. where it was not subject to the city tax on it.

It follows then that the Court below will not be reversed for taking the case from the jury, although the question of agency in cases like this is ordinarily a jury proposition which should not be lightly taken from them by the court, when there is any substantial evidence, direct or circumstantial, tending to support the. agency relied on. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 So. Rep. 867. . But compare: Chase & Co. v. Miller, 81 Fla. 472, 88 Sou. Rep. 312.

Plaintiff in error's request for oral argument, not presented in the form required by the rules of this Court, but simply mentioned in the concluding portion of plaintiff in error's brief, is not sufficient to warrant us in placing the cause on the oral argument calendar for argument. The time available for consideration of that calendar whereon many important cases are waiting their turn to be heard, does not permit us to relax to any substantial degree the rule prescribed for requesting the privilege of having cases orally argued before this Court. We mention this fact, not in criticism of either of the counsel in this case, but in order that the members of the bar may be advised of the absolute necessity of having requests for oral argument presented in the manner provided by the rules, (1) in order that they might not be overlooked by the clerk, who has not the time to read the briefs in the case in search for requests for oral argument therein contained, and (2) in order that the Court may assign cases for oral argument in

an orderly way. See: McLeod v. Citizens Bank, 61 Fla. 350, 56 Sou. Rep. 190; Carter v. State, 68 Fla. 143, 148, 66 Sou. Rep. 1000.

Judgment affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.