E. W. SEARS, Trading as Olive Service Station, v. GULF REFINING CO.

152 So. 1.
Division A.
Decision Filed January 10, 1934.

*D. W. Berry,* for Plaintiff in Error;
*Wm. Fisher,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, it is ordered and adjudged by the Court that the writ of error in this cause be and the same is hereby dismissed because of the failure of the plaintiff in error to comply with the requirements of Rule 20, as amended November 5, 1930.

BUFORD, C. J., and ELLIS and BROWN, J. J., concur.

DAVIS, C. J.—Plaintiff below, who is plaintiff in error here, owned a filling station which was outside the city limits of Pensacola. The present suit concerned an alleged overcharge of one cent per gallon upon 120,450 gallons of gasoline which plaintiff in the lower court sought to recover from the oil company, defendant below, upon the

principle of law decided by this Court in Gilmore v. Texas Co., 100 Fla. 169, 129 Sóu. Rep. 587. The judgment for defendant below was entered on a directed verdict rejecting plaintiff's claim which was embraced in a declaration containing the common counts in assumpsit.

A common count in general assumpsit for money had and received lies for money paid by mistake, or upon a consideration which has failed, or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under such circumstances. It is applicable in all cases where a defendant has obtained money which *ex aequo et bono* he ought to refund or pay over. Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 Sou. Rep. 182.

The present controversy is distinguishable from that dealt with by this Court in Gilmore v. Texas Co., *supra,* in that plaintiff in this proceeding failed to prove any binding contract fixing for his benefit a definite price for gasoline at one cent less than that charged and collected from him by the oil company. There is no doubt that the oil company exacted from plaintiff in error an additional charge of one cent per gallon higher than it would perhaps have sold such gasoline to plaintiff for outside the city limits of Pensacola, had a one cent gasoline tax not been placed on the sale of gasoline inside the city. But the "profiteering" of the oil company at plaintiff's expense by taking advantage of the fact that the imposition of the municiapl tax on gasoline sold inside Pensacola made it easy for the oil company to charge and collect an equivalent amount for itself on all gasoline sold outside the city which was not subject to the municipal tax, does not in itself amount to such an extortion of an overcharge as is recoverable in an action for money had and received.

The oil company had a right to fix its own prices for gasoline sold by it. Its election to equalize retail gasoline prices inside and outside the City of Pensacola by itself collecting from out of city dealers a one cent surcharge on its sales made outside the city, so as to forestall out of city dealers from underselling by the amount of the tax, those dealers who did business inside the city and were consequently forced to increase their retail prices to the extent of the tax, amounted to no legal wrong against plaintiff in error which entitled him to recover in the absence of a showing of a breach of an enforceable agreement to sell at a less price than was exacted. The verbal agreement relied on was not certain and definite as to either subject matter or duration, nor was it shown to have the attribute of mutuality of obligation essential to render it enforceable against the oil company for the period covered by plaintiff in error's claim.

So the directed verdict was proper and the judgment should be affirmed.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.