FIRST STATE BANK OF FORT MEADE v. NORAH D. SINGELTARY.

169 So. 407.
Division A.
Opinion Filed July 8, 1936.

Johnson, Bosarge & Allen, Nat J. Patterson, and Waller & Pepper, for Plaintiff in Error;

Jesse H. Willson, for Defendant in Error.

DAVIS, J.—This was a suit by Norah D. Singletary, the plaintiff below, to recover for an alleged over-payment of interest made by her to the defendant below, First State Bank of Fort Meade. The jury returned a verdict for overpaid interest on $7,500.00 note paid May 21, 1931, $906.67; interest at 8 per cent. over-paid interest from May 21, 1931,

to April 3, 1935, $280.40; total for plaintiff, $1,187.07. Judgment for that amount having been entered pursuant to the verdict, the case is here on writ of error sued out by the losing party in the court below.

. There is substantial evidence from which the jury could have found a lawful verdict for the plaintiff, as it did, with respect to the item of alleged over-payment of interest in the sum of $888.12. The proof is that $1,710.00 interest was actually paid over by Mrs. Singletary at the bank's request, and upon its representation that such amount was the amount so due to be paid over; that such payment was paid over on the obligation the bank was then holding. There is proof also from which the jury could have lawfully found as a fact that no more than $821.88 was the amount that ought to have been demanded and collected by the bank under the circumstances disclosed.

The trial judge who saw and heard the witnesses has approved the probative weight and effect of the evidence as being sufficient to sustain the plaintiff's recovery. While we, as jurors, might not have rendered the verdict the jury rendered in this case, we find no substantial ground in the record for saying that the jury, acting as reasonable men, were unwarranted in finding the merits of the controversy in favor of the plaintiff. So the verdict and judgment for plaintiff in that particular should not be disturbed.

The predicate for plaintiff's right to recover in this case is to be found in the count for money had and received in the form of the alleged over-payment of interest which plaintiff, by the representations of the defendant, was induced to make in the belief on her part that she was obligated to make such payment because of her supposed factual liability for the amount demanded of and paid by her.

The action for money had and received, although a legal

action, is equitable in its nature and is said to resemble a bill in equity and to lie whenever a bill in equity would lie with reference to recovery of the particular sum involved upon plaintiff's affirmative rescission or avoidance of the transaction concerning it. Osborn v. Bell, 5 Denio (N. Y.) 370, 49 Am. Dec. 275; Culbreath v. Culbreath, 7 Ga. 64, 50 Am. Dec. 375; note 52 Am. Dec. 404; Citizens Bank v. First National Bank, 101 Fla. 908, 132 So. 478; Cox v. Grose, 97 Fla. 848, 122 So. 513.

When the fact is proved that one has money received from another, if the recipient cannot show a legal and equitable ground for retaining it, the law creates the privity and promise necessary to sustain the action for money had and received. And it is settled that money paid under a mistake of facts may be so recovered, it being considered unconscionable that money so paid should be detained from the payor on his discovery of the mistake and demand for the money's return. Where the mistake is mutual, notice of the mistake must precede the right of recovery, and the statute of limitations does not run until the mistake is discovered and demand made.

In the case at bar whatever mistake was made was necessarily a mutual mistake on the part of the bank and the plaintiff growing out of the significance to be attached to certain endorsements of payment made on the note in question between the parties at the time the alleged over-payment of interest was made. When plaintiff discovered what she considered was a mistake in the amount of interest due to be paid as compared with what she had paid she at once rescinded the transaction of payment *pro tanto,* and brought suit. Her recovery, therefore, should have been for no more than the amount of over-payment, $821.88, with interest thereon at 8% from the date of demand or institu-

tion of suit, the doctrine of rescission of the transaction of payment *pro tanto* being applicable. Peninsular Terminal Co. v. Zaring, 113 Fla. 87, 151 Sou. Rep. 514.

The judgment will be affirmed on condition that an appropriate remittitur in conformity with the holding of this opinion be entered in the court below, otherwise the judgment will stand reversed for a new trial on the issue of damages. One-half of the costs of appeal will be taxed against defendant in error.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.