FUTCH, Associate Justice.
Appellant has called to our attention certain errors contained in our original opinion in this cause, due to a mix-up in the numbering of the pages of the transcript, but which errors we do not think affect the conclusions reached in our original opinion. However, for the purpose of eliminating the errors referred to, and to that extent alone, motion for rehearing is granted, and on rehearing granted our former opinion is now withdrawn, and this opinion substituted in its place.
Appellee, Erick A. Kausch, sued appellant Faircloth in the Circuit Court of Palm Beach 'County, Florida, in assumpsit “for money received by defendant for the use of plaintiff.”
The evidence reveals that the issue develops from the sale of a “filling station business” by the appellant to the appellee in the City of West Palm Beach, Florida. Appellant was in possession of the lot, building and certain standard equipment under lease from the owner, Orange State Oil Company. The lease was not assignable. Appellant sold appellee the business “to operate in possession of said station until such time as the original lease” might be terminated according to its terms. Ap-pellee operated the station for about six months, when Orange State Oil Company terminated it and ousted appellee. The reason for ousting appellee is not made clear by the testimony.
At the time of the ouster, the Orange State Oil people seized the merchandise in stock and, after charging up $885.61, which it claimed was due to it by appellant, paid appellee the sum of $295.62, which it said represented the balance of the value of the inventory after deducting what it claimed was due by appellant Faircloth to Orange State Oil Company. Appellee accepted this settlement without question and without contacting appellant.
The record is silent as to how, when or for what this alleged debt of appellant to *504 Orange State arose. There is not sufficient evidence to show that appellant did in fact owe Orange State Oil Company any money at all, and he certainly has not had his day in Court in this instance.
There has been found no precedent for such a dilemma as this. However, it is plain that appellant has been comdemned to pay $1,014.02 without any showing or proof whatsoever that he is actually due to pay so much as one cent of the sum involved. The Court below said: “From the evidence I am satisfied that there was nothing which would warrant a finding that the defendant procured the money from the plaintiff through any fraud, or imposition or deceit, other than for the amount retained by the Orange State Oil Company as a debt of the defendant at the time of plaintiff’s settlement with the Oil Company.”
This claim of the Orange State Oil Company was disputed by appellant from June 28, 1946, to February 14, 1949, and the Oil Company had not attempted to enforce the claim. They took advantage of appellee to collect that to which they may or may not have had either a moral or legal right as against the appellant. This Court, however, must adhere to the principles of constitutional rights and not condone strong arm methods of corporation or individual to enforce claims, whether fancied or real.
The judgment must be reversed with directions to enter judgment in favor of appellant, defendant below.
SEBRING, Acting Chief Justice, and ROBERTS and MATHEWS, JJ., concur.