281 So.2d 362 (1973)
Peter C. McCABE, Appellant,
v.
George L. HOWARD and Doris E. Howard, Appellees.
No. 72-840.
District Court of Appeal of Florida, Second District.
August 15, 1973.
*363 Larkin & Larkin, and Dayton, Peel & Gibbs, Dade City, for appellant.
McClain, Hobby & Greenfelder, Dade City, for appellees.
LILES, Judge.
The Howards, owners of a large tract of real estate near Dade City, entered a verbal agreement with Peter McCabe, a real estate broker, allowing him to secure a purchaser for their property at a certain net price to them. Subsequently McCabe showed the property to representatives of Road Course, Inc., a Florida corporation. They were shown the property both by air and on the ground. Negotiations ensued for a time between Road Course, Inc. and the Howards, McCabe acting as the intermediary. No definite agreement was reached, however, at this particular time.
Soon thereafter Road Course, Inc. and the Howards entered into a lease agreement with option to purchase, the terms of which were largely the result of efforts of another broker, a Mr. King. Upon learning of this agreement McCabe contacted Mr. Irwin, then president of Road Course, Inc., and demanded a commission. Over a period of months Road Course, Inc. paid the Howards a total of $21,000 which would have been applied to the purchase price had the corporation exercised its option to purchase. Nevertheless, the corporation failed to acquire the anticipated financing for the purchase and was unable to exercise the option, at least not in its own name.
The property was thereafter purchased from the Howards by Hubert Kleinpeter, president of Road Course, Inc., in his own name. The evidence indicates that the $21,000 paid by the corporation in lease and option money was actually applied to the purchase price of the property for Kleinpeter's benefit.
We note in passing that the agreement between Road Course, Inc. and the Howards stipulated that the Howards would be indemnified and held harmless by reason of any action which might be brought against them by Peter McCabe or Louise Anderson, a broker cooperating with McCabe.
Upon the foregoing facts the trial judge granted a motion for directed verdict at the close of the plaintiff's evidence.
Appellant asserts, and we agree, that it was error for the trial court to decide as a matter of law either that the prospective purchaser, Road Course, Inc., was unable to purchase the property or, more importantly, that Road Course, Inc. did not in fact purchase the property through the agency of Hubert Kleinpeter, president of Road Course, Inc. Although the burden of proof would be on the party asserting the agency, i.e., Peter McCabe, we believe that the facts in this case as presented in the plaintiff's case are sufficient to entitle McCabe to a determination of the issues by a jury. The jury is entitled to infer the existence of an agency on the part of an alleged principal and agent even where both deny the existence of such an agency. Watkins v. Sims, 81 Fla. 730, 88 So. 764 (1921). The existence of an agency may be shown by any substantial evidence, either direct or circumstantial and the fact of an agency is a jury question. Financial Fire & Cas. Co. v. Southmost Vegetable Co-op. Assoc., 212 So.2d 69, (3d D.C.A. 1968); Smith v. Texas Co., 111 Fla. 762, 149 So. 585 (1933).
The mere existence of a fiduciary relationship between a corporation and its president, although very important, would not in and of itself be sufficient to pose a question of the fact of an agency for a jury. However, this, in addition to a common purpose or design as well as the apparent *364 application of corporate funds to a purchase by one of its officers, seem to us to warrant a submission of this case to the jury.
We therefore reverse and remand for a complete jury trial.
MANN, C.J., and HOBSON, J., concur.