PER CURIAM.
Plaintiff, Southeast First National Bank of Miami, appeals a final judgment directing it to return $160,000 to defendant Miami Mortgage Services, Inc.
Southeast First National Bank of Miami loaned $2,000,000 to Robin Brown, Roger Terrell and six other individuals. A payment of $443,000 was due on December 31, 1974. In December negotiations were entered into for an 18-month extension of the due date and the Bank required as one of the conditions that Terrell-Brown & Company execute a note secured by a mortgage for $443,000. In a letter dated December 31, 1974, Terrell-Brown sent the Bank the requested mortgage and a check for $160,-000 drawn on the account of appellee Miami Mortgage Services, Inc., a totally owned subsidiary of Terrell-Brown. The letter specifically stated that if the Bank did not accept all of the terms and conditions of the extension request, then the $160,000 check was to be returned. The Bank kept the check, refused to extend the December 31, 1974 due date, declined demands for return of the $160,000 and sued all eight defaulting guarantors. Miami Mortgage Services was added by the trial judge as a party defendant[1] and it counterclaimed for return of the $160,000 on the grounds that it was a complete stranger to the financial dealings between the parties and that it had paid the money to secure an 18-month extension for Terrell-Brown, but the Bank had neither granted the extension nor returned the money. The Bank argued that it had applied the check to the debt of the eight borrowers and that it was they who had breached the extension agreement by furnishing an invalid mortgage along with the $160,000 check. Subsequently, the trial judge entered summary final judgment ordering the Bank to return the $160,000 to Miami Mortgage Services, Inc. We affirm.
The letter of December 31, 1974 clearly stated that retention of the $160,000 check drawn on the account of Miami Mortgage Services was conditioned upon the Bank’s acceptance of Terrell-Brown’s extension request. The Bank having declined the request to extend the December 31 deadline became bound to return the check. See Citizens Bank of Ft. Myers v. First National Bank, 101 Fla. 908, 132 So. 478 (1931); Southern States Power Co. v. Pittman, 122 Fla. 758, 165 So. 893 (1936); Faircloth v. Kausch, 63 So.2d 503 (Fla.1953) and 7 Fla.Jur. Contracts § 184 (1956).
Neither are we persuaded by the Bank’s argument that since Miami Mortgage Services is a stranger to the financial dealings between the parties, it must look to the individual borrowers for repayment of the $160,000 because payment of an instrument may be made or given by any person including one who is a stranger with the consent of the holder. Colonial Press of Miami, Inc. v. Sanders, 264 So.2d 92 (Fla.3d DCA 1972). Under the circumstances, Miami Mortgage Services, not being indebted to the Bank, cannot be required to contribute $160,000 for the debt of another.
Affirmed.

. Pursuant to Fla.R.Civ.P. 1.120(a).