**WALWORTH COMPANY, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO, et al., Defendants.**

**Civ. A. No. 77–458.**

United States District Court,
W. D. Pennsylvania.

Jan. 5, 1978.

Timothy P. O'Reilly, Anthony A. DeSabato, Morgan, Lewis & Bockius, Philadelphia, Pa., Charles J. Streiff, Wick, Vuono & LaVelle, Pittsburgh, Pa., for plaintiff.

Frank J. Lucchino, Lucchino, Gaitens & Hough, Rudolph L. Milasich, Jr., Alan L. Edelstein, Pittsburgh, Pa., for defendants.

TEITELBAUM, District Judge.

## MEMORANDUM OPINION AND ORDER

### FACTS

Plaintiff, Walworth Company, is a corporation qualified to do business in the Commonwealth of Pennsylvania, with a manufacturing plant in Greensburg, Pennsylvania, where it is engaged in the manufacturing of steel valves. Defendant, United Steelworkers of America, AFL–CIO, is the collective bargaining agent for certain employees of plaintiff. Defendant, District 19, is a geographical subdivision of the International Union. Defendant, Local 1275, is composed of employees of plaintiff's plant in Greensburg, Pennsylvania. Walworth Company and the United Steelworkers of America, AFL–CIO, are parties to a collec-

tive bargaining agreement which is effective until April 30, 1978.

As a result of an alleged illegal strike and work stoppage, Walworth Company, on March 23, 1977, filed an action in this Court seeking a temporary restraining order against the defendant unions, union officers, and bargaining unit employees at the Greensburg plant. On April 20, 1977, a stipulation of settlement and discontinuance, dismissing the action with prejudice, was entered into by all parties because the employees had returned to work. Plaintiff was not compensated at that time for any damages sustained during the work stoppage nor was any claim for damages discussed.

Plaintiff seeks in the instant action to recover its claimed damages arising out of the work stoppage.

## ISSUE

The issue to be decided is whether or not the case *sub judice*, seeking damages, is barred by the dismissal with prejudice of the prior action seeking injunctive relief, under the doctrine of *res judicata*.

## DISCUSSION

■■■ "[U]nder the doctrine of *res judicata*, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). The question confronting us, therefore, is whether or not plaintiff's prior suit seeking injunctive relief is based on the same cause of action as the case *sub judice*.[1] For the reasons hereafter stated, we find the instant suit is based upon the same cause of action as the prior suit and is thereby barred by the application of *res judicata*.

■■■ Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), provides the jurisdictional basis for redress of a violation of a collective bargaining agreement. Injunctive relief and damages are remedies available to the aggrieved party under Section 301. Where, as here, a litigant can present all his grounds for relief, whether legal or equitable, in a single action he should be held to have but one cause of action and final judgment on the merits should be *res judicata* as to all matters, legal and/or equitable. 1B, Moore, *Federal Practice*, ¶ 0.410[1].

■■■ In a posture similar to the instant controversy, it was held in *Wilson Cypress Co. v. Atlantic Coast Line R. Co.*, 109 F.2d 623 (5th Cir. 1940) that a judgment for defendant on the merits as to an equitable claim barred plaintiff's legal claim based upon the same grounds. The philosophy of *Wilson* has more recently been adhered to in *Hanson v. Hunt Oil Company*, 505 F.2d 1237 (8th Cir. 1974). *Hanson* was a suit wherein plaintiff sought an accounting and compensatory and exemplary damages from an oil company on the ground that the latter had wrongfully destroyed and eliminated plaintiff's oil wells from production. It was held that the suit was essentially the same cause of action as had been previously litigated in a reformation suit, and was therefore barred by *res judicata*. The rationale of *Wilson* and *Hanson* requires that the nature of the cause of action be the focal point of consideration rather than the nature of the relief which is obtainable. In the case *sub judice*, while the requested relief changed from equitable to legal, the underlying nature of the claim remained predicated upon a violation of Section 301 of the Labor Management Relations Act. Therefore, the present suit is not maintainable.[2] An appropriate Order will issue.

---

1. The other two prerequisites of *res judicata* are clearly satisfied. The stipulation of dismissal in the prior suit is specifically stated to be "with prejudice," thereby constituting a judgment on the merits. 1B, Moore, *Federal Practice*, ¶ 0.409[5]. Additionally, the parties involved in both suits are identical.

2. Plaintiff has attempted to avoid the application of *res judicata* by contending that since the proof necessary in an injunctive action would vary from that involved in the case *sub judice*, the causes of action are separate and distinct. However, the necessity of proving, *inter alia*, irreparable harm and the inadequacy of a reme-

dy at law in the injunctive proceeding is again a function of the differing nature of relief rather than any variance concerning the cause of action itself. To establish a cause of action, i. e. a violation of the Labor Management Relations Act, the requisite proof is identical.

Plaintiff additionally urges that a damage claim could not have been asserted when the injunctive relief was sought because the extent of plaintiff's damages could not have been ascertained at that time. Under the broad notice pleading requirements of the Federal Rules of Civil Procedure, however, a precise dollar figure is not required. As an example, it is not uncommon in personal injury cases for the total amount of medical expenses claimed to be unknown until the date of trial.

Adopting plaintiff's contentions would sanction piecemeal litigation of suits. The doctrine of res judicata is designed to prevent just such an occurrence.