382 So.2d 1315 (1980)
Thomas T. FERGUSON and Geraldine G. Ferguson, Appellants,
v.
Abe COTLER, Appellee.
No. 79-289/T4-394.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
Phillip H. Logan, Sanford, for appellants.
William A. Grimm, Winter Park, for appellee.
UPCHURCH, Judge.
This is an appeal of a judgment from the Circuit Court for Seminole County.
Appellants, Thomas T. and Geraldine G. Ferguson, raise as error that the court erred in its application of the law in First State Bank of Fort Meade v. Singeltary, 124 Fla. 770, 169 So. 407 (1936). We restate the question:
Was the trial judge correct in entering judgment for an amount paid to appellants through mistake?
We conclude that the trial judge was correct, but register amazement that appellants would urge that justice would be served if we held the trial court in error.
There is a legend which reflects the honesty of Abraham Lincoln. It seems that Lincoln, while making a purchase, was overpaid a few cents in making change. Upon discovering the error, he immediately walked several miles in the nighttime to return the money to the storekeeper. Appellants did not emulate Mr. Lincoln.
Appellee Abe Cotler overpaid appellants in satisfying a mortgage obligation. Both parties acted through their attorneys and intended to pay and receive the balance due plus costs and attorney fees. Neither party made the calculations, but Cotler paid the Fergusons the amount which his attorney requested and the Fergusons accepted the amount their attorney showed was owed. Appellants concede that the amount collected *1316 was overpaid by $6,226.42, the amount of the final judgment. The Fergusons also concede that they have not changed their position as a result of the overpayment and that the overpayment was not part of an accord and satisfaction. The overpayment resulted purely from a miscalculation of the amount due.
Appellants contend that Fort Meade, supra, required Cotler to show he was induced to make the overpayment because of their representations or other inequitable conduct on their part. They reason that because no one made any representations to Cotler he was not induced. They conclude that if Cotler did not prove who made the mistake the mistake could not be mutual and therefore he cannot recover. This reasoning, while perhaps entertaining, defies logic. The court in Fort Meade, supra, stated:
The action for money had and received, although a legal action, is equitable in its nature and is said to resemble a bill in equity and to lie whenever a bill in equity would lie with reference to recovery of the particular sum involved upon plaintiff's affirmative rescission or avoidance of the transaction concerning it. Osborn v. Bell, 5 Denio (N.Y.) 370, 49 Am.Dec. 275; Culbreath v. Culbreath, 7 Ga. 64, 50 Am.Dec. 375; Note, 52 Am.Dec. 751; Citizens' Bank v. First National Bank, 101 Fla. 908, 132 So. 478; Cox v. Grosse, 97 Fla. 848, 122 So. 513.
When the fact is proved that one has money received from another, if the recipient cannot show a legal and equitable ground for retaining it, the law creates the privity and promise necessary to sustain the action for money had and received. And it is settled that money paid under a mistake of facts may be so recovered, it being considered unconscionable that money so paid should be detained from the payor on his discovery of the mistake and demand for the money's return. Where the mistake is mutual, notice of the mistake must precede the right of recovery, and the statute of limitations does not run until the mistake is discovered and demand made.
If both parties act on a set of facts, both believing them correct, when in fact those facts are incorrect, then both parties are mistaken. Such were the circumstances in the Fort Meade case, and such are the facts in the case before us, the only distinction being that in Fort Meade the bank made the calculations and represented to Singletary the amount owed. The mutual mistake was that both thought the amounts demanded were correct; the same is true in the case before us. Both parties believed the calculations were correct. The source of the miscalculation is not relevant here, and the result should be the same irrespective of the source of the miscalculation. Whether or not there was a mutual mistake of fact instead of a unilateral mistake is not controlling. Florida case law supports the proposition that relief will be granted for a unilateral mistake where the mistake goes to the substance of the agreement, is not the result of a lack of due care, and where the other party has not relied upon the mistake to his detriment. Langbein v. Comerford, 215 So.2d 630, 631 (Fla. 4th DCA 1968). "The gist of the action is that the defendant upon the circumstances of the case is obliged by the ties of natural justice to refund the money." Cullen v. S.A.L.R.R. Co., 63 Fla. 122, 58 So. 182, 184 (1912), as cited in Citizens' Bank of Ft. Myers v. First Nat'l Bank of Waynesboro, 101 Fla. 908, 132 So. 478 (1931). It is settled that money paid under a mistake of facts may be recovered; it would be unconscionable for money so paid to be retained upon discovery of the mistake and demand for the money's return, if the recipient does not show a legal or equitable right thereto.
AFFIRMED.
ORFINGER and COBB, JJ., concur.